■  THE PEOPLE OF THE STATE OF NEW YORK ex rel. LINDA VAE WEISSMAN, Appellant, v CARL E. WEISSMAN, Respondent.—Appeal from an order of the Family Court, Columbia County, entered June 30, 1975, which ordered the arrest of appellant. Appellant brought a habeas corpus proceeding in Supreme Court against her former husband, respondent, to obtain

custody of their child, Nicole Rena Weissman. The writ was granted May 21, 1975 and was returnable on May 22, 1975. On the return, respondent appeared and produced the child. By an order dated May 22, 1975 and signed June 3, 1975, the Supreme Court transferred the habeas corpus proceeding to the Columbia County Family Court for determination on the merits and, pending the hearing and determination by the Family Court, granted custody of the child to appellant. On June 24, 1975, the date fixed for a hearing in the Family Court, appellant appeared by her attorney and informed the court that appellant had moved to California with the child and now wished to "withdraw the habeas corpus petition". Respondent appeared by his attorney at the hearing and opposed the discontinuance of the proceeding. The appellant and respondent were divorced by a decree of the Supreme Court dated November 22, 1974 which awarded custody of the child to appellant with visitation rights to respondent. The parties had executed a separation agreement which gave custody of the child to appellant with visitation rights to respondent and the separation agreement was incorporated into the divorce decree. The Family Court refused to allow appellant to discontinue the habeas corpus proceeding and issued a warrant for her arrest when and if she returns to New York State. On this appeal, appellant claims the Family Court should have allowed her to withdraw her petition for habeas corpus and that the Family Court had no jurisdiction to issue the warrant for appellant's arrest and, in any event, granting of the order was an abuse of discretion. The trial court correctly refused to allow appellant to voluntarily discontinue the habeas corpus proceeding. The procedure in habeas corpus proceedings in Family Court is governed by the CPLR (Family Ct Act, § 165; CPLR 101, 7001; *Matter of Schmidt v Schmidt,* 44 Misc 2d 661). An action or special proceeding cannot be discontinued as a matter of right by the party asserting a claim after a responsive pleading has been served or after 20 days after service of a pleading (CPLR 3217). Respondent's failure to serve a formal return authorized by CPLR 7008 does not grant appellant the right to voluntarily discontinue the proceedings without the court's approval, more than 20 days after service of her pleading. This proceeding involves more than the personal rights of the parties. It involves the appropriate custody of the child. The welfare of the child is the prime concern of the court and justified the court in denying appellant's application to discontinue the proceeding *(Matter of Lincoln v Lincoln,* 24 NY2d 270; *Matter of Fleishman v Walters,* 40 AD2d 622). The trial court was authorized to grant the order appealed from to compel the presence of appellant at a hearing in the proceeding (Family Ct Act, § 153). There was no abuse of discretion by the trial court in granting the warrant which appears necessary and desirable to preserve the integrity of the proceeding. Order affirmed, with costs. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.