■ In the Matter of NEIL SCHIMLER, Petitioner, v BEATRICE SCHIMLER, Respondent, and ANDREW SCHIMLER, Appellant. [611 NYS2d 559] —In a custody proceeding pursuant to Family Court Act article 6, the child Andrew Schimler appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Braslow, J.), dated April 20, 1993, as denied his father's petition to modify a prior order of the

Family Court, Richmond County, dated September 14, 1990, by awarding him sole custody of the appellant.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In cases where a change of custody is sought, the relief should be granted when, in the court's discretion, "the totality of the circumstances * * * warrants its doing so in the best interests of the child" *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 96). Although the authority of this Court in matters of custody is as broad as that of the Trial Judge, custody determinations are ordinarily a matter of discretion for the hearing court *(see, Gage v Gage,* 167 AD2d 332), and on appeal great deference is to be accorded the Trial Judge's ability to observe the demeanor of the witnesses *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946).

In the present case, we find that the Family Court properly determined that it was in the best interests of the appellant that he remain in the custody of his mother *(see,* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171). Priority should usually be given to the parent who was awarded custody by the court or to the parent who obtained custody by voluntary agreement *(see, Matter of Nehra v Uhlar,* 43 NY2d 242, 251; *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 365). Here, the record demonstrates that the mother was better able to provide for the appellant's emotional and intellectual needs and provided better parental guidance *(see, Eschbach v Eschbach, supra,* at 172). Moreover, the father repeatedly denigrated the mother in the presence of the appellant *(see, Janecka v Franklin,* 150 AD2d 755, 757). Although the appellant has indicated a strong desire to live with his father, that is merely one factor to be considered and is not determinative *(see, Eschbach v Eschbach, supra,* at 173). Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.