■ In the Matter of CHRISTINE CANAZON, Appellant, v MICHAEL CANAZON, Respondent. [628 NYS2d 327] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Amodeo, J.), dated June 26, 1992, which, after a hearing, awarded permanent custody of the parties' two infant children to the father.

Ordered that the order is affirmed, without costs or disbursements.

While an appellate court's authority in custody matters is as broad as that of the trial court (see, Leistner v Leistner, 137 AD2d 499), it is widely accepted that custody decisions "[depend] to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (Alanna M. v Duncan M., 204 AD2d 409; see, Matter of Irene O., 38 NY2d 776; Matter of Doyle v McLoughlin, 146 AD2d 940). Appellate courts must necessarily tread lightly before substituting "their own evaluation of these subjective factors for those of the nisi prius court * * * and if they do, should articulate the reasons for so doing" (Eschbach v Eschbach, 56 NY2d 167, 173-174).

Where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight and its grant of custody should be allowed to stand unless it lacks a sound and substantial basis in the record and is contrary to the weight of the evidence (Conti v Conti, 149 AD2d 395).

The essential consideration in making an award of custody is the best interest of the child (see, Friederwitzer v Friederwitzer, 55 NY2d 89; Alanna M. v Duncan M., supra). The hearing

court may require a change of custody if the totality of the circumstances warrants a modification and such a change is in the best interest of the child *(see, Matter of Schimler v Schimler,* 203 AD2d 580). Factors to be considered in determining the child's best interest include: " 'the quality of the home environment and the parental guidance the custodial parent provides for the child * * * the ability of each parent to provide for the child's emotional and intellectual development * * * the financial status and ability of each parent to provide for the child * * * the relative fitness of the respective parents, and the length of time the present custody arrangements have been in effect' " *(Matter of Lobo v Muttee,* 196 AD2d 585, 587; *see also, Eschbach v Eschbach, supra).* Moreover, a court should be mindful that "the existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" *(Eschbach v Eschbach, supra,* at 174).

Here, the hearing court had the opportunity to observe the parties over an extended period of 13 days and received testimony from numerous individuals including the parties, two psychotherapists, and a court-appointed Law Guardian with responsibility to protect the children's interest *(see, Matter of Vernon Mc. v Brenda N.,* 196 AD2d 823; *Jacobs v Jacobs,* 117 AD2d 709).

Based on the record before us, we find that the hearing court weighed the appropriate factors and properly awarded custody to the father *(see, e.g., Kuncman v Kuncman,* 188 AD2d 517). Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.