■ ADELE DECAPRIO, Respondent, v ANTHONY DECAPRIO, Appellant. [631 NYS2d 860] —In a matrimonial action in which the parties were divorced by judgment dated August 20, 1991, the defendant father appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Corso, J.H.O.), dated May 30, 1995, as, after a hearing, granted the motion of the plaintiff mother to modify the separation agreement and the judgment of divorce to the extent of awarding custody of the younger child to her.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the stay of enforcement contained in this Court's decision and order on motion dated June 20, 1995, is vacated; and it is further,

Ordered that the respondent is awarded one bill of costs.

In a separation agreement dated February 26, 1991, the parties agreed to joint custody of the two children of the marriage, and that the children's primary residence should be with the father. This agreement was incorporated but not merged into the judgment of divorce dated August 20, 1991. In or about November 1991, the parties decided to live together again. By July 1992, the attempted reconciliation had failed. In August 1992, the mother brought this application to modify the separation agreement and the judgment of divorce to the extent of changing custody of the children from the father to her.

Two psychological evaluations were performed, one recommending that the two children not be separated and that custody remain with the father, and the other recommending that custody of the younger child, Stephanie, be granted to the mother while the older child, Jessica, remain with her father. After a lengthy hearing, the court determined that it was in the best interests of the children to award custody of Stephanie to the mother and to allow Jessica to remain with her father. We agree.

In cases where a change of custody is sought, the relief should be granted when, in the court's discretion, the totality of the circumstances warrants doing so in the best interests of the child (see, Domestic Relations Law §§ 70, 240; *Eschbach v Eschbach,* 56 NY2d 167; *Matter of Schimler v Schimler,* 203 AD2d 580; *Matter of Lobo v Muttee,* 196 AD2d 585; *Matter of Kresbach v Gallagher,* 181 AD2d 363).

No one factor is determinative of whether there should, in the exercise of sound judicial discretion, be a change of custody, including the existence of an earlier decree or agreement (see, *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-94; *Matter of Canazon v Canazon,* 215 AD2d 652). While it is often in the child's best interests to continue to live with his or her siblings, that too is not an absolute (see, *Eschbach v Eschbach, supra*).

Based on the record before us, we are satisfied that the court correctly determined that, under the present circumstances, the best interests of both children would be served by granting the mother custody of Stephanie. The court did not err in accepting the recommendations of Dr. Sigalow over those of the other expert, and in considering the preference of Stephanie.

We have reviewed the father's remaining claims of error and find them to be without merit or harmless. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.