■ ALBERT J. SANTORO, Respondent, v HELEN C. SANTORO, Appellant. [638 NYS2d 478] —In a matrimonial action in which the parties were divorced by judgment entered February 25, 1993, the defendant mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Prudenti, J.), dated September 2, 1994, as, after a hearing, granted the motion of the plaintiff father to modify the judgment of divorce to the extent of awarding custody of the younger child to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced by judgment entered February 25, 1993, and custody of the infant issue, John (then age 14) and Christine (then age 7), was awarded to the mother pursuant to a stipulation of settlement. This stipulation was incorporated into the judgment of divorce. The father was to have visitation rights. However, on December 4, 1992, the last day of a visitation period of the children with the father, John had remained with his father rather than return to his mother. This move was agreed to, at the time, by the mother, and was recommended by John's psychologist.

In May 1993, the father sought to modify the judgment of divorce so as to award him custody of both of the children. The parties subsequently entered into a stipulation awarding the father custody of John. The issue of the custody of Christine was referred to a hearing. After a hearing, the Supreme Court awarded the father custody of Christine. The mother contends

that the court erred in making this award with regard to Christine. We disagree.

In cases where a change of custody is sought, the relief should be granted when the totality of the circumstances warrants doing so in the best interests of the child (see, Domestic Relations Law §§ 70, 240; Eschbach v Eschbach, 56 NY2d 167, 171; DeCaprio v DeCaprio, 219 AD2d 575; Matter of Schimler v Schimler, 203 AD2d 580). In this regard, the courts will often consider a number of different factors of varying degrees of importance, including, among other things, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, and (8) his or her ability to provide for the child's emotional and intellectual development (see, Matter of Canazon v Canazon, 215 AD2d 652; Fanelli v Fanelli, 215 AD2d 718).

In determining whether the custodial parent can continue to provide for the child's needs, the court must be cognizant of the individual needs of each child, and a circumstance that would require a change in custody could be applicable to only one of several children (see, Eschbach v Eschbach, supra, at 172-173). It is often in the child's best interests to continue to live with his or her siblings (see, Eschbach v Eschbach, supra, at 173; see also, DeCaprio v DeCaprio, supra). This is because "[y]oung brothers and sisters need each other's strengths and association in their everyday and often common experiences, and to separate them, unnecessarily, is likely to be traumatic and harmful" (Obey v Degling, 37 NY2d 768, 771).

In reviewing an award of custody, an appellate court must be mindful that a custody determination is a matter entrusted primarily to the discretion of the trial court which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (see, Eschbach v Eschbach, supra). The trial court's findings are entitled to the greatest respect unless they lack a sound and substantial basis in the record (see, Klat v Klat, 176 AD2d 922, 923).

The court correctly determined that the best interests of Christine would be served by granting the father custody of this child. We note that while the original agreement between the parties placing custody of Christine with the mother is entitled to solemn consideration, it cannot bind the court to a disposition other than that which a weighing of all the factors involved shows to be in the child's best interests (see, Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of Carl J. B. v Dorothy T., 186 AD2d 736).

Although the mother had custody of Christine by agreement of the parties, she engaged in a persistent effort to prevent Christine from seeing and being with the father and her brother. For almost six months the wife permitted no visitation whatsoever, thus raising serious questions of her fitness to act as custodial parent (see, Fanelli v Fanelli, supra; Matter of Carl J. B. v Dorothy T., supra, at 737). In addition, the evidence indicates that Christine and her brother had a close sibling relationship and that the current arrangement has been traumatic and harmful to Christine. Further, the recommendation of the Law Guardian supported a change in custody, stating that the father was a preferable custodial parent. In view of the totality of circumstances, the court's transfer of custody of Christine to her father is supported by a sound and substantial basis in the record. Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.