■ In the Matter of DEAN VENETTE, Respondent, v JESSICA RHODES, Appellant. [754 NYS2d 36] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Forman, J.), entered April 9, 2001, as, after a hearing, granted the father's petition to transfer custody of the parties' daughter to him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Custody decisions depend "to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Alanna M. v Duncan M.,* 204 AD2d 409; *see Matter of Irene O.,* 38 NY2d 776, 777). Where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record or is contrary to the weight of the evidence (*see Esch-*

*bach v Eschbach,* 56 NY2d 167, 174; *Matter of Darlene T.,* 28 NY2d 391, 395; *Bunim v Bunim,* 298 NY 391, 393; *cf. Conti v Conti,* 149 AD2d 395, 396).

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach, supra* at 171; *Matter of Ebert v Ebert,* 38 NY2d 700, 702; *Alanna M. v Duncan M., supra*). The hearing court may require a change of custody if the totality of the circumstances warrants a modification and such a change is in the best interests of the child (*see Eschbach v Eschbach, supra* at 174; *Matter of Canazon v Canazon,* 215 AD2d 652, 653; *Kuncman v Kuncman,* 188 AD2d 517, 518).

Here, the hearing court had the opportunity to observe the parties and received testimony from numerous individuals, including the parties, a psychotherapist, and two teachers. It also received a report from a court-appointed law guardian with the responsibility of protecting the child's interests. The hearing court weighed the appropriate factors and properly awarded custody to the father (*see Eschbach v Eschbach, supra*; *Matter of Canazon v Canazon, supra* at 653; *Kuncman v Kuncman, supra*).

The parties' remaining contentions are without merit. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.