■ In the Matter of RAMAZAN U., JR., a Child Alleged to be Neglected. PRESENTMENT AGENCY, Respondent; BELKIS P., Appellant. (Proceeding No. 1.) In the Matter of BELKIS P., Appellant, v RAMAZAN U., Respondent. (Proceeding No. 2.) In the Matter of RAMAZAN U., Respondent, v BELKIS P., Appellant. (Proceeding No. 3.) [756 NYS2d 442] —In related child protective and custody proceedings pursuant to Family Court Act articles

6 and 10, the mother appeals from a dispositional order of the Family Court, Queens County (DePhillips, J.), dated December 22, 2000, which, upon a determination of the same court, after a fact-finding hearing, found that she had emotionally neglected the subject child, granted custody of the subject child to the father, and directed that her visitation with the child be supervised. Justice Schmidt has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order of disposition is affirmed, without costs or disbursements.

The finding of the Family Court, after conducting a complete evidentiary hearing, that the mother had emotionally neglected the subject child was based on a preponderance of the credible evidence (*see Matter of Tammie Z.,* 66 NY2d 1, 3 [1985]; *Matter of Krewsean S.,* 273 AD2d 393, 394 [2000]; *Matter of Barbara S.,* 244 AD2d 556 [1997]; *Matter of Tevina W.,* 237 AD2d 452 [1997]; *Matter of Danielle M.,* 151 AD2d 240, 243 [1989]). The documented efforts of the mother to interfere with the visitation of the noncustodial parent and to alienate the child from his father are sufficient to support a finding of neglect (*see Matter of Hartsough v Hartsough,* 270 AD2d 349 [2000]; *Maloney v Maloney,* 208 AD2d 603 [1994]).

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Ebert v Ebert,* 38 NY2d 700, 702 [1976]; *Matter of Canazon v Canazon,* 215 AD2d 652 [1995]; *Alanna M. v Duncan M.,* 204 AD2d 409 [1994]). The determination of the hearing court, which had the opportunity to see and hear the witnesses, should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach, supra* at 174; *Matter of Darlene T.,* 28 NY2d 391, 395 [1971]; *Bunim v Bunim,* 298 NY 391, 393 [1949]; *Matter of Morse v Mignone,* 240 AD2d 583 [1997]; *Canazon v Canazon, supra*). There is no basis to alter the court's award of custody to the father in this case (*see Matter of Hartsough v Hartsough, supra*; *Matter of Morse v Mignone, supra*; *Canazon v Canazon, supra* at 653).

Supervised visitation is not considered a deprivation of meaningful access to the child (*see Matter of Licitra v Licitra,* 232 AD2d 417, 418 [1996]; *Matter of Carl J.B. v Dorothy T.,* 186 AD2d 736, 738 [1992]; *Lightbourne v Lightbourne,* 179 AD2d 562 [1992]), and the provision of the dispositional order directing supervised visitation is supported by the record.

The mother's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Crane, JJ., concur.