■ In the Matter of DARLENE WALTON, Respondent, v MICHAEL WALTON, Respondent, and JUANA DELANCE, Appellant. (Proceeding No. 1.) In the Matter of MICHAEL WALTON, Respondent, v DARLENE WALTON, Respondent. JUANA DELANCE, Nonparty Appellant. (Proceeding No. 2.) [761 NYS2d 525] —In two related custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Croiter, J.), dated July 24, 2000, as, after a hearing, awarded custody of the child to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

While an appellate court's authority in custody matters is as broad as that of the trial court (see Leistner v Leistner, 137

AD2d 499 [1988]), it is widely accepted that custody decisions depend "to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Alanna M. v Duncan M.,* 204 AD2d 409 [1994]; *see Matter of Irene O.,* 38 NY2d 776 [1975]; *Matter of Doyle v McLoughlin,* 146 AD2d 940 [1989]). Appellate courts must necessarily tread lightly before substituting "their own evaluation of these subjective factors for that of the nisi prius court * * * and if they do, should articulate the reasons for so doing" (*Eschbach v Eschbach,* 56 NY2d 167, 173-174 [1982]). Where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight and its grant of custody should be allowed to stand unless it lacks a sound and substantial basis in the record (*see Conti v Conti,* 149 AD2d 395 [1989]).

The essential consideration in making an award of custody is the best interest of the child (*see Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]; *Alanna M. v Duncan M., supra*). The hearing court may require a change of custody if the totality of the circumstances warrants a modification and such a change is in the best interest of the child (*see Matter of Schimler v Schimler,* 203 AD2d 580 [1994]). Factors to be considered in determining the child's best interest include: " 'the quality of the home environment and the parental guidance the custodial parent provides for the child * * * the ability of each parent to provide for the child's emotional and intellectual development * * * the financial status and ability of each parent to provide for the child * * * the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect' " (*Matter of Lobo v Muttee,* 196 AD2d 585, 587 [1993], quoting *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364-365 [1992]; *see also Eschbach v Eschbach, supra*). Moreover, a court should be mindful that "the existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (*Eschbach v Eschbach, supra* at 174).

Here, the hearing court had the opportunity to observe the mother and the father over an extended period and received testimony from numerous individuals, including the parties and a social worker. Based on the record, the hearing court weighed the appropriate factors and properly awarded custody to the father (*see Canazon v Canazon,* 215 AD2d 652 [1995]; *Kuncman v Kuncman,* 188 AD2d 517 [1992]).

The mother's remaining contentions are without merit. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.