■ CARL SCHEUERING, Appellant, v NANCY SCHEUERING, Respondent. [811 NYS2d 100]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), entered January 21, 2005, as, after a hearing, denied that branch of his motion which was to modify a portion of an order of the Family Court, Orange County (Kiedaisch, J.), entered September 30, 2003, awarding the defendant sole custody of the parties' children, upon his consent, and failed to direct that the children receive therapy.

Ordered that the order is modified, on the law, by adding a provision thereto directing that the parties and children receive therapy; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, to effectuate the therapy directive.

In considering questions of child custody, the best interests of the child are paramount (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the child" (*Matter of Dow v Dow*, 306 AD2d 529, 530 [2003]). Although the authority of the Appellate Division in making custody determinations is as broad as that of the trial court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946 [1985]), respect is to be accorded to the trial court's advantage in being able to observe the demeanor and to assess the credibility of the witnesses (*see Matter of Louise E. S. v W. Stephen S., supra*). The court must consider the totality of the circumstances in assessing whether custody should be changed (*see Eschbach v Eschbach, supra*).

Contrary to the appellant's contention, under all of the circumstances, including the children's need for stability, the Supreme Court properly determined that a change of custody was not in the children's best interests at this particular time (*see Eschbach v Eschbach, supra*).

The order appealed from, evidently settled on notice, did not contain a provision directing that the parties and children receive therapy. A "written order must conform strictly to the court's decision" (*Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]), and where there is a conflict between the two, the decision controls (*see Verdrager v Verdrager*, 230 AD2d 786, 787 [1996]; *Green v Morris*, 156 AD2d 331 [1989]; *Di Prospero v Ford Motor Co., supra*). Such an inconsistency may be corrected either by way of a motion for resettlement or on appeal (*see* CPLR 2221, 5019 [a]; *Spier v Horowitz*, 16 AD3d 400 [2005]; *Green v Morris, supra*; *Young v Casabonne Bros.*, 145 AD2d 244, 248 [1989]). In its decision on the record, the Supreme Court stated that "as part of [its] direction it wants both parents and certainly the children, to be involved in therapy." We therefore modify the order accordingly. However, we note that the record does not disclose the nature of the therapy that the court directed or the manner in which the therapy is to be accomplished. Therefore, we remit the matter to the Supreme Court so that it may effectuate the therapy directive. Adams, J.P., Ritter, Santucci and Spolzino, JJ., concur.