■ In the Matter of CATHLEEN STRAND-O'SHEA, Appellant, v JOHN C. O'SHEA, Respondent. [819 NYS2d 109]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (McElligott, J.H.O.), entered March 15, 2005, which, after a hearing, granted the father's motion to modify the visitation provisions of the parties' judgment of divorce and denied her motion for a change in custody.

Ordered that the order is affirmed, without costs or disbursements.

Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child. The court must consider the totality of the circumstances (*see Scheuering v Scheuering,* 27 AD3d 446 [2006]; *Matter of Abranko v Vargas,* 26 AD3d 490 [2006]). Because the hearing court is in the best position to evaluate the testimony, character, and sincerity of the witnesses, its findings are entitled to great deference on appeal, and will not be overturned unless they lack a sound and substantial basis in the record (*see Matter of Rho v Rho,* 19 AD3d 605 [2005]; *Matter of Picot v Barrett,* 8 AD3d 288 [2004]). Here, the Family Court properly determined that, under all of the circumstances, a change in custody was not in the child's best interest (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]).

Furthermore, the court was not obligated to accept the recommendations of the forensic expert regarding the father's motion to modify the parties' visitation schedule. The court explained

its reasons for rejecting her recommendation and its reasoning is supported by the record (*see Matter of Sienkwicz v Sienkwicz,* 298 AD2d 396 [2002]; *Matter of Maysonet v Contreras,* 290 AD2d 510 [2002]).

The mother's remaining contention is without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.