■ In the Matter of Brian S., Respondent, v Stephanie P., Appellant. [825 NYS2d 232]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Klein, J.), entered May 24, 2005, as, after a hearing, granted the father's petition for custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Custody determinations depend " 'to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties' " (*Matter of Venette v Rhodes,* 301 AD2d 608 [2003], quoting *Alanna M. v Duncan M.,* 204 AD2d 409 [1994]; *see Matter of Irene O.,* 38 NY2d 776, 777 [1975]). Where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]; *Matter of Venette v Rhodes, supra* at 608-609; *Young v Young,* 212 AD2d 114, 117 [1995]).

The essential consideration in any custody controversy is the best interests of the child (*see Eschbach v Eschbach, supra* at 171; *Matter of Venette v Rhodes, supra* at 609). The hearing court may order a change in custody if the totality of the circumstances warrants a modification in the best interests of the child (*see Eschbach v Eschbach, supra* at 174; *Matter of Canazon v Canazon,* 215 AD2d 652, 652-653 [1995]).

The Family Court's determination that the best interests of the child would be served by a change of custody to the father was supported by a sound and substantial basis in the record and should not be disturbed (*see Eschbach v Eschbach, supra* at 174; *Matter of Timosa v Chase,* 21 AD3d 1115, 1116 [2005]).

The mother's remaining contentions are without merit. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.