In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Negron, J.), dated August 17, 2007, which, after a hearing, granted the petition and awarded sole legal and residential custody to the father.
Ordered that the order is affirmed, without costs or disbursements.
“It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child” (Matter of Wecker v D'Ambrosio, 6 AD3d 452, 453 [2004]; see Domes *677 tic Relations Law § 70 [a]; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). The weighing of the various factors relevant to a custody determination “requires an evaluation of the testimony, character and sincerity of all parties involved in this type of dispute. Generally, such an evaluation can best be made by the trial court which has direct access to the parties and can supplement that information with whatever professionally prepared reports are necessary” (Eschbach v Eschbach, 56 NY2d at 173). Thus, “[w]here a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record” (Matter of Oates v Wilson, 46 AD3d 904, 905 [2007], quoting Matter of Brian S. v Stephanie P., 34 AD3d 685, 686 [2006]; see Miller v Pipia, 297 AD2d 362, 364 [2002]; Young v Young, 212 AD2d 114, 117 [1995]).
The evidence supports the conclusion of the court-appointed evaluator, that the father had always been the primary caretaker of the child and that he, in contrast to the mother, always placed the child’s needs first. The attorney for the child also took the position that the father placed the child’s needs first.
“While it is true that the recommendations of court-appointed experts are but one factor to be considered in making any custody determination and are not determinative . . . such recommendations are entitled to some weight . . . unless such opinions are contradicted by the record” (Young v Young, 212 AD2d at 118 [internal quotation marks and citations omitted]; see Rosenberg v Rosenberg, 44 AD3d 1022, 1024-1025 [2007]; Matter of Kozlowski v Mangialino, 36 AD3d 916, 917 [2007]). Contrary to the mother’s contention, the recommendation and opinion of the forensic expert are not contradicted by the record.
With regard to the mother’s allegations of domestic violence, the record provides ample support for the Family Court’s determination that the mother was not credible. Indeed, every professional who came into contact with the mother reached the same conclusion.
Since the Family Court’s determination has a sound and substantial basis in the record, it will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Oates v Wilson, 46 AD3d at 905; Matter of Brian S. v Stephanie P., 34 AD3d at 686; Miller v Pipia, 297 AD2d at 365; Young v Young, 212 AD2d at 117). Skelos, J.P., Angiolillo, Balkin and Chambers, JJ., concur.