■ In the Matter of TONY L. McGEE, Respondent, v CAROLYN PATRON, Appellant. (Proceeding No. 1.) In the Matter of CAROLYN PATRON, Appellant, v TONY L. McGEE, Respondent. (Proceeding No. 2.) [869 NYS2d 917]—In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated December 5, 2007, as, after a hearing, granted the father's petition to modify a prior custody order of the same court (James, Ct. Atty. Ref.), dated May 18, 2000, awarding her sole custody of the parties' child, so as to award him sole custody of the subject child, and dismissed her petition for permission to relocate to Maryland with the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (*see Matter of Brian S. v Stephanie P.,* 34 AD3d 685, 686 [2006]; *Matter of James v Hickey,* 6 AD3d 536, 537 [2004]). A determination of custody should not be set aside unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]). A court, in considering questions of child custody, must determine "what is for the best interest of the child" (Domestic Relations Law § 70 [a]; *see Eschbach v Eschbach,* 56 NY2d 167 [1982]).

The hearing court may order a change in custody if the totality of the circumstances warrants a modification in the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Matter of Brian S. v Stephanie P.,* 34 AD3d 685, 686 [2006]). The Family Court's determination that the best interests of the child would be served by a change of custody to the father was supported by a sound and substantial basis in the record and should not be disturbed (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Matter of Timosa v Chase,* 21 AD3d 1115, 1116 [2005]).

The mother's remaining contention is without merit. Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.