■ In the Matter of CHERYL D'ANGIO, Respondent, v JOHN McGRATH, Appellant. [883 NYS2d 119]—

In related visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hoffmann, J.), dated December 24, 2008, as, after a hearing, and upon denying the mother's petition to modify the custody and visitation provisions of a prior order of the same court (Kelley, Ct. Att. Ref.), dated December 30, 2007, awarding sole legal and physical custody of the subject children to the father, awarding the mother supervised therapeutic visitation, and directing that the father designate the therapist, modified the prior order by deleting the provision directing that the father designate the therapist and to provide that the court, upon consultation with the attorney for the children, designate the therapist to conduct the supervised therapeutic visitation, and directed that the attorney for the children, upon notice to the parties, submit to the court a report "as to the progress being made in said supervised therapeutic visitation."

Ordered that the order dated December 24, 2008 is modified, on the law, (1) by deleting the provision thereof modifying the prior order dated December 30, 2007, to provide that the court, upon consultation with the attorney for the children, designate the therapist to conduct the supervised therapeutic visitation, and substituting therefor a provision modifying the prior order dated December 30, 2007, to provide that the court, upon consultation with the attorney for the children and the parties, designate the therapist to conduct the supervised therapeutic visitation, and (2) by deleting the provision thereof directing that the attorney for the children, upon notice to the parties, submit to the court a report "as to the progress being made in said supervised therapeutic visitation," and substituting therefor a provision directing the attorney for the children to obtain a report "as to the progress being made in said supervised therapeutic visitation," from the therapist conducting the supervised therapeutic visitation and submit that report to the court and the parties; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

The Family Court's determination that there had been a

change in circumstances since the issuance of the prior custody order, and that it was not in the best interests of the subject children for the father to have the authority to designate the therapist to conduct the supervised therapeutic visitation between the mother and the subject children, is supported by a sound and substantial basis in the record. Accordingly, we decline to disturb that determination (cf. Matter of Sinnott-Turner v Kolba, 60 AD3d 774 [2009]; Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488 [2007]; Matter of Khan v Dolly, 39 AD3d 649, 651 [2007]). However, the Family Court should have directed that it would designate the therapist upon consultation with the attorney for the children and the parties and, moreover, should have directed that the attorney for the children obtain a report from the therapist as to the progress being made in the supervised therapeutic visitation and submit that report to the Family Court and the parties (cf. Weiglhofer v Weiglhofer, 1 AD3d 786, 788 n 1 [2003]; Matter of Rueckert v Reilly, 282 AD2d 608, 609 [2001]). Therefore, the matter must be remitted to the Family Court, Suffolk County, for the Family Court to designate a therapist upon consultation with the attorney for the children and the parties.

The father's remaining contentions are either not properly before this Court or without merit. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.