■ In the Matter of BERVINE HARRIS, Respondent, v TANYA L. CARTER, Appellant. [886 NYS2d 760]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eisman, J.), dated April 10, 2008, which, after a hearing, granted the father's petition to modify certain custody provisions of the parties' judgment of divorce entered January 5, 2005, awarding the mother sole legal and physical custody of the parties' three children, so as to award him sole legal and physical custody of the subject children.

Ordered that the order is affirmed, without costs or disbursements.

In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances such that modification is required to protect the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Pambianchi v Goldberg,* 35 AD3d 688, 689 [2006]; *Matter of Strand-O'Shea v O'Shea,* 32 AD3d 398, 398 [2006]; *Scheuering v Scheuering,* 27 AD3d 446, 447 [2006]). "Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Matter of McGee v Patron,* 58 AD3d 633, 633 [2009]; *see Matter of Brian S. v Stephanie P.,* 34 AD3d 685, 686 [2006]), and a custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Rodriguez v Irizarry,* 29 AD3d 704 [2006]; *Neuman v Neuman,* 19 AD3d 383, 384 [2005]).

Here, the record supports the Family Court's determination that a change in circumstances had occurred since the issuance of the last custody and visitation order based upon the evidence

of the subject children's academic difficulties, which the mother failed to properly address, their significant behavioral problems, and the mother's inability to provide proper supervision of the children (*see Matter of Hagans v Harden,* 12 AD3d 972, 973 [2004]; *Matter of Ortiz v Maharaj,* 8 AD3d 574, 574 [2004]; *see also Matter of Dow v Dow,* 306 AD2d 529, 530-531 [2003]).

Additionally, the Family Court's determination that it was in the children's best interests to transfer custody of the children to the father is supported by a sound and substantial basis in the record and should not be disturbed (*see Matter of McGee v Patron,* 58 AD3d at 633; *Matter of Brian S. v Stephanie P.,* 34 AD3d at 686). Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.