In the Matter of SHARON KANTROWITZ, on Behalf of KYLE CUMMO, Respondent, v JOSEPH CUMMO, Respondent-Appellant, and JULIE BACCARO-CUMMO, Respondent. (Proceeding No. 1.) In the Matter of KELLI M. O'BRIEN, on Behalf of EMILY CUMMO, Respondent, v JOSEPH CUMMO, Appellant, et al., Respondent. (Proceeding No. 2.) [888 NYS2d 165]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), entered November 7, 2008, which granted the petitions on behalf of the subject children and the mother's cross petition to the extent of modifying the children's visitation with him to limit visitation to therapeutic visitation with the children's therapist and supervised visitation with the maternal grandfather.

Ordered that the order is affirmed, without costs or disbursements.

Modification of an existing visitation arrangement is permissible only upon a showing that there has been a change in circumstances, such that modification is necessary to ensure the best interests of the children. The court must consider the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of Strand-O'Shea v O'Shea, 32 AD3d 398 [2006]).

The determination of whether visitation should be supervised is entrusted to the sound discretion of the Family Court. Its determination will not be disturbed on appeal unless it lacks a sound basis in the record (*see Matter of Elnatanova v Administration for Children's Servs.*, 34 AD3d 802 [2006]; *Matter of Rho v Rho*, 19 AD3d 605 [2005]; *Matter of Kachelhofer v Wasiak*, 10 AD3d 366 [2004]).

Here, the Family Court's finding that a change in circumstances warranted modification of the existing visitation arrangement to limit the children's visitation with the father to therapeutic and supervised visitation had a sound and substantial basis in the record, particularly in light of the court's further order that the completion of four months of therapeutic visitation would be deemed a change in circumstances permitting the father or the attorneys for the children to request a modification of the order (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398 [2006]).

The Family Court providently exercised its discretion in denying the application of the attorney for the child Kyle Cummo to withdraw the petition submitted on his behalf, which had been filed after trial had commenced, and was opposed by the mother (*see* CPLR 3217 [b]; *Matter of Houck v Garraway*, 293 AD2d 782 [2002]; *People ex rel. Weissman v Weissman*, 50 AD2d 989 [1975]).

The father's remaining contention is without merit. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.