■ In the Matter of MARIO TOBAR, Respondent, v ROSEMARIE VELEZ-MOLINA, Appellant. [945 NYS2d 341]—

In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Graham, J.), dated February 9, 2011, as, after a hearing, granted that branch of the father's petition which was to modify a final order of custody and visitation of the same court (Grosvenor, J.), dated August 11, 2006, inter alia, awarding the parties joint legal custody, so as to award the father sole legal and physical custody of the children.

Ordered that the order dated February 9, 2011, is affirmed insofar as appealed from, without costs or disbursements.

The parties have three children together. In a final order of custody and visitation entered on consent in August 2006 (hereinafter the final custody order), the parties were awarded joint legal custody of the children, with residential custody to the mother and visitation to the father. Shortly before the parties entered into the stipulation, the mother moved with the subject children to Amsterdam, New York, while the father continued to reside in Brooklyn.

In 2007, the father filed a violation petition with the Family Court and, upon the mother's failure to appear in court, the Family Court, inter alia, awarded the father temporary custody. Thereafter, the father filed a petition seeking to modify the final custody order based upon a change of circumstances. An attorney was appointed for the children and a hearing was conducted. In the order appealed from, the Family Court, among other things, granted that branch of the father's petition which was to modify the final custody order so as to award him sole physical and legal custody of the children.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child. The court must consider the totality of the circumstances" (*Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398, 398 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Nava v Kinsler*, 85 AD3d 1186, 1186 [2011]; *Matter of Harris v Carter*, 66 AD3d 780 [2009]). "In this regard, the court should consider whether the alleged changed circum-

stances indicate one of the parties is unfit, the nature and quality of the relationships between the child and the parties, and the existence of a prior agreement" (*Matter of Fallarino v Ayala*, 41 AD3d 714, 715 [2007]). Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of Paul T. v Ann-Marie T.*, 75 AD3d 788 [2010]).

Here, the Family Court's determinations that there had been a change in circumstances since the final custody order and that a transfer of custody to the father would be in the children's best interests, have a sound and substantial basis in the record and, thus, should not be disturbed (*see Matter of Harris v Carter*, 66 AD3d 780 [2009]; *Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]; *Matter of Galanos v Galanos*, 28 AD3d 554, 555 [2006]). The evidence adduced at the hearing regarding, inter alia, the subject children's academic and developmental difficulties and the father's better ability to care for and attend to the children's daily needs and academic development, as well as the preference of the children, supports the determination to transfer custody to the father (*see Williams v Williams*, 78 AD3d 1256 [2010]; *Matter of Battista v Fasano*, 41 AD3d at 713; *Matter of Galanos v Galanos*, 28 AD3d at 555). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.