*903 Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (see Matter of Strand-O’Shea v O’Shea, 32 AD3d 398 [2006]). Parental alienation of a child from the other parent is “an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent” (Entwistle v Entwistle, 61 AD2d 380, 384-385 [1978]; see Bobinski v Bobinski, 9 AD3d 441 [2004]; Stern v Stern, 304 AD2d 649 [2003]; Young v Young, 212 AD2d 114, 122 [1995]). As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court’s determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Here, the Family Court’s determinations that there had been a change in circumstances, and that a transfer of sole custody to the father would be in the child’s best interests, have a sound and substantial basis in the record and, thus, should not be disturbed (see Matter of Tobar v Velez-Molina, 95 AD3d 1224 [2012]; Matter of Galanos v Galanos, 28 AD3d 554, 555 [2006]).
The mother’s remaining contention is without merit. Eng, EJ., Rivera, Hall and Sgroi, JJ., concur.