■ In the Matter of FERNANDO A. BATISTA, Appellant, v RASHINA MOCKTAR, Respondent. [53 NYS3d 179]—

Appeal by the father from an order of the Family Court, Queens County (Stephen Bogacz, J.), dated January 26, 2016. The order, after a hearing, in effect, denied the father's petition to modify the custody provisions of the parties' judgment of divorce dated November 30, 2006, so as to award him sole custody of the subject child, and limited his visitation to supervised and therapeutic visitation.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father were married in July 1997 and divorced in 2006, and have one child together. The judgment of

divorce, inter alia, awarded sole physical and legal custody of the child to the mother, with liberal visitation to the father. The mother remarried in 2008 and moved to New Jersey.

In 2009, the father petitioned the Family Court to modify the custody provisions of the judgment of divorce so as to award him sole custody of the child, alleging a change in circumstances. A hearing was conducted on various dates between 2009 and 2015. Substantial evidence in the record indicates that the father was deeply upset by the mother's remarriage, and set out to prove that the new husband was abusing the child. To that end, he used his visitation to repeatedly question the child about his relationship with his stepfather, making numerous audio and video recordings of these interviews, which were made part of the record. The incessant questioning was described by one of the forensic evaluators as "toxic, annoying and repetitive."

Based on substantial evidence that the father's conduct was detrimental to the child's welfare, the Family Court, while the petition was still pending, restricted the father's visitation to supervised visitation and directed him to stop recording his conversations with the child. Despite these interim measures, the father continued to record many of his conversations with the child and persisted in his campaign against the mother's new husband.

In the order appealed from, the Family Court denied the father's petition, continued the mother's sole physical and legal custody of the child, and limited the father's visitation to supervised and therapeutic visitation. We affirm.

The Family Court properly denied the father's petition and limited his visitation to supervised and therapeutic visitation based on his conduct in repeatedly questioning the child about his relationship with the mother's husband, and systematically recording his interactions with the child. Sound and substantial evidence in the record shows that the father's conduct had a detrimental impact on the welfare of the child and, therefore, the court was justified in restricting his visitation to supervised and therapeutic visitation (*see Matter of Kantrowitz v Cummo*, 67 AD3d 680 [2009]; *Matter of D'Angio v McGrath*, 64 AD3d 593, 593-594 [2009]; *see generally Finlay v Finlay*, 240 NY 429, 433-434 [1925]).

The father's remaining contentions are without merit. Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.