Matter of Hodges v Lawless (2018 NY Slip Op 04723)





Matter of Hodges v Lawless


2018 NY Slip Op 04723


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-07514
 (Docket No. V-14333-14)

[*1]In the Matter of Ernest Hodges, respondent, 
v
Dina Lawless, appellant.


Rieger & Fried, LLP, Garden City, NY (Joshua L. Rieger of counsel), for appellant.
Del Atwell, East Hampton, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated June 5, 2017. The order, after a hearing, in effect, denied the mother's petition to modify an order of custody and parental access of the same court dated January 29, 2015, so as to specify a schedule for her parental access with the parties' child, and granted the father's cross petition to modify the order dated January 29, 2015, so as to limit the mother to supervised parental access with the parties' child.
ORDERED that the order dated June 5, 2017, is modified, on the law, by deleting the provision thereof which, in effect, denied the mother's petition to modify the order of custody and parental access dated January 29, 2015, so as to specify a schedule for her parental access with the parties' child, and substituting therefor a provision granting the mother's petition; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, to specify a schedule for the mother's parental access with the parties' child forthwith.
In an order of custody and parental access dated January 29, 2015, the Family Court awarded custody of the parties' child to the father, with parental access to the mother "as the parties may agree." The mother subsequently petitioned to modify the order so as to specify a schedule for her parental access with the child, and the father cross-petitioned to modify the order so as to limit the mother to supervised parental access with the child. After a hearing, the court, in effect, denied [*2]the mother's petition and granted the father's cross petition. The mother appeals.
Contrary to the mother's contentions, there is a sound and substantial basis in the record for the Family Court's conclusion that unsupervised parental access with her would be detrimental to the child. Therefore, we agree with the court's determination to restrict her parental access to supervised parental access (see Matter of Kantrowitz v Cummo, 67 AD3d 680, 680-681; Matter of D'Angio v McGrath, 64 AD3d 593, 593-594; see generally Finlay v Finlay, 240 NY 429, 433-434). However, the court erred in denying the mother's petition to modify the order dated January 29, 2015, so as to specify a schedule for her parental access with the child (see Matter of Goldfarb v Szabo, 130 AD3d 728, 729-730; Matter of Rivera v Fowler, 112 AD3d 835, 836).
The mother's remaining contentions are without merit.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court