Gjelaj v Gjelaj (2019 NY Slip Op 00422)





Gjelaj v Gjelaj


2019 NY Slip Op 00422


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-06326
 (Index No. 2505/13)

[*1]Marash Gjelaj, respondent, 
v
Anisa Gjelaj, appellant.


Karen M. Jansen, White Plains, NY, for appellant.
Neal S. Comer, White Plains, NY, for respondent.
Stephen P. Gold, White Plains, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Westchester County (John P. Colangelo, J.), dated April 26, 2017. The judgment of divorce, insofar as appealed from, after a nonjury trial, and upon an order of the same court dated July 8, 2016, awarded the plaintiff full legal and physical custody of the parties' minor child.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 2004 and are the parents of one child, born in 2008. The parties later separated and entered into a custody agreement dated March 24, 2009, which was so-ordered by the Family Court. The agreement provided, inter alia, that each parent would share equal custody of the child.
On May 31, 2013, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial on the issue of custody, and upon an order dated July 8, 2016, the Supreme Court entered a judgment of divorce, inter alia, awarding the plaintiff full legal and physical custody of the child.
Where, as here, parents have entered into an agreement concerning custody, the agreement will not be set aside unless there is a sufficient change in circumstances since the time the agreement was entered into and unless modification of the agreement is in the best interests of the child (see McAvoy v Hannigan, 107 AD3d 960, 962-963; McNally v McNally, 28 AD3d 526, 527). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Gangi v Sanfratello, 157 AD3d 677, 678; see Eschbach v Eschbach, 56 NY2d 167, 172; Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96). Custody determinations largely depend upon the court's "assessments of the credibility, character, temperament, and sincerity of the parties" (Matter of Lao v Gonzales, 130 AD3d 624, 625; see Matter of Lombardi v Valenti, 120 AD3d 817, 818). The court's credibility findings should be accorded great weight, and its custody determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Lao v Gonzales, 130 AD3d at 625; Matter of Lombardi v Valenti, 120 AD3d at 818).
Here, contrary to the defendant's contentions, there had been a sufficient change in circumstances since the parties entered into the so-ordered custody agreement, which warranted a modification of the agreement. In addition, the best interests of the child would be served by modifying the agreement and transferring custody to the plaintiff. Accordingly, the Supreme Court's determination to award full legal and physical custody of the child to the plaintiff has a sound and substantial basis in the record and will not be disturbed (see Matter of Harrison v McClellan, 151 AD3d 723; Matter of Tobar v Velez-Molina, 95 AD3d 1224, 1224-1225; Matter of Harris v Carter, 66 AD3d 780; Matter of Battista v Fasano, 41 AD3d 712, 713; Matter of Galanos v Galanos, 28 AD3d 554, 555).
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court