Matter of Slade v Haymes (2025 NY Slip Op 03577)

Matter of Slade v Haymes

2025 NY Slip Op 03577

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-06848
 (Docket Nos. V-3582-08/21E, V-3582-08/21F, V-3582-08/22G, V-6162-15/21C, V-6162-15/21D, V-6162-15/22E)

[*1]In the Matter of Shayne Dion Slade, appellant,
v
Brittany Marie Haymes, respondent.

Arza Rayches Feldman, Manhasset, NY, for appellant.
Gary E. Eisenberg, New City, NY, for respondent.
Geoffrey E. Chanin, Goshen, NY, attorney for the child A. H.
Carl S. Chu, Hopewell Junction, NY, attorney for the child M. S.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated August 5, 2022. The order, without a hearing, granted the mother's motion to dismiss the father's petition to modify an order of the same court dated January 23, 2020, so as to, inter alia, award him additional parental access with the parties' children, dismissed that petition, and dismissed the father's separate petitions alleging that the mother violated certain provisions of the order dated January 23, 2020.
ORDERED that the order dated August 5, 2022, is affirmed, without costs or disbursements.
By order dated January 23, 2020 (hereinafter the custody order), the mother was awarded sole legal and physical custody of the parties' two children and the father was awarded certain parental access. In September 2021, the father filed a petition to modify the custody order so as to, inter alia, award him additional parental access with the children during the summer. That same day, the father filed a violation petition, alleging, among other things, that the mother was not allowing communication between the father and the parties' son and that the mother was no longer bringing the parties' daughter to therapy. In July 2022, the father filed a second violation petition with the same allegations. The mother moved to dismiss the modification petition. In an order dated August 5, 2022, the Family Court, without a hearing, granted the mother's motion to dismiss the modification petition, dismissed the modification petition, and dismissed the violation petitions.
"'Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child. The court must consider the totality of the circumstances'" (Matter of Tobar v Velez-Molina, 95 AD3d 1224, 1224, quoting Matter of Strand-O'Shea v O'Shea, 32 AD3d 398, 398). "A parent seeking a change of custody is not automatically entitled to a hearing [*2]but must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing" (Matter of Gurewich v Gurewich, 58 AD3d 628, 629; see Matter of Mansilla v Santiago, 178 AD3d 1049, 1050; Matter of Werner v Mazzenga, 174 AD3d 727, 728-729).
Here, the Family Court providently exercised its discretion in granting, without a hearing, the mother's motion to dismiss the modification petition and dismissing that petition. The father failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of Hood v Rivera, 235 AD3d 750, 751).
The Family Court also properly dismissed the violation petitions. "A hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Jaffe v Jaffe, 44 AD3d 825, 826 [internal quotation marks omitted]). Here, even assuming that the father adequately alleged a violation of the custody order in the violation petitions, the evidence subsequently submitted by both parties, as well as by the attorneys for the children, provided the court with adequate information to conclude, without a hearing, that the father could not establish a violation (see Matter of Koska v Koska, 226 AD3d 780, 782).
Accordingly, the Family Court properly, without a hearing, granted the mother's motion to dismiss the modification petition, dismissed that petition, and dismissed the violation petitions.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court