■ In the Matter of TOMMY A., JR., an Infant. [607 NYS2d 831] —Order unanimously reversed on the law without costs and petition granted in accordance with the following Memorandum: In this proceeding commenced pursuant to Family Court Act § 1055 for an extension of foster care placement for respondents' child, petitioner appeals from Family Court's order directing the return of the child to respondents, scheduled to occur on October 21, 1993. On October 20, 1993, we granted a stay of enforcement of Family Court's order pending our resolution of this appeal.

Petitioner contends that Family Court applied the incorrect

legal standard in determining that the foster care placement should not be extended for six months. We agree. Family Court Act § 1055 governs extension-of-placement proceedings. Pursuant to Family Court Act § 1055 (b) (iv) (A), after a hearing on the extension-of-placement petition, Family Court is required to determine whether the circumstances giving rise to the order of placement or extension thereof have changed since the issuance of the last extension order, whether the child services plan prepared by the agency needs to be reviewed or modified, and the extent to which there has been compliance with the plan by the parents and the agency.

Family Court Act § 1055 (b) (iv) (B) requires Family Court, in determining whether an extension of placement is in the child's best interests, to consider whether an extension is consistent with the permanency goal established for the child in the child services plan, whether the child would be at risk of neglect or abuse if returned to the parents, and any other factors which the court deems appropriate to consider. Thus, contrary to respondents' contention, the "best interest" test has not been replaced in extension-of-placement proceedings (see, Family Ct Act § 1055 [b] [iv] [B]; *Matter of Belinda B.,* 114 AD2d 70).

In the present case, Family Court determined that respondent mother cooperated with counseling ordered in a previous proceeding, that respondents were entitled to know that these proceedings finally would be determined and that there was insufficient proof that either respondent "would harm" the child.

Family Court failed to comply with the mandates of Family Court Act § 1055 (b) (iv) in making its decision whether foster care placement should be extended. Moreover, its finding that respondent mother had meaningfully cooperated with the agency is unsupported by evidence in the record.

The record establishes that the circumstances that gave rise to the order of placement and the extension thereof have not changed since the issuance of the last extension order. The unrefuted proof establishes that the child continues to have significant medical problems that require frequent medical appointments and consistent monitoring. Respondents presently are either unwilling or unable to assume responsibility for scheduling and participating in those appointments. Further, despite numerous efforts, respondents have failed to follow through to obtain the proffered professional counseling and respondent mother has failed to participate in the preventive services arranged for her with various social agencies.

In reaching the determination that an extension of placement is in the child's best interests, we have considered the fact that respondents have failed to assume responsibility for the child's medical needs, thereby placing him at risk of neglect if he is returned to them at this time (see, Family Ct Act § 1055 [b] [iv] [B]). Therefore, we reverse the order of Family Court and grant the petition to extend the foster care placement of the child for a period of six months. Such period is to commence on the date of service of a copy of the order of this Court with notice of entry. (Appeal from Order of Monroe County Family Court, Kohout, J.—Extend Placement.) Present —Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.