■ In the Matter of CHILD PROTECTIVE SERVICES, on Behalf of AMANDA G. and Others, Children Alleged to be Neglected, Respondent. SANDRA G. et al., Appellants. [635 NYS2d 75] —In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from (1) a fact-finding order of the Family Court, Suffolk County (Pach, J.), entered June 13, 1994, which, after a hearing, found that the parents had neglected their children, (2) an order of the same court, also entered June 13, 1994, which, *inter alia,* directed the parents to cooperate with the scheduling and completion of psychological examinations, and (3) a fact-finding order of the same court, entered January 31, 1995, which, in effect, amended the fact-finding order entered June 13, 1994, by specifically stating the grounds for the finding of neglect.

Ordered that the appeal from the fact-finding order entered June 13, 1994, is dismissed, as that order was superseded by the order entered January 31, 1995; and it is further,

Ordered that the appeal from the order entered June 13, 1994, directing psychological examinations is dismissed as abandoned and academic; and it is further,

Ordered that the fact-finding order entered January 31, 1995, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Family Court's finding that the appellants locked their adolescent daughters in rooms and other areas of confinement and otherwise physically abused these children is supported by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b];

*Matter of Nathaniel T.,* 67 NY2d 838; *Matter of Tammie Z.,* 66 NY2d 1; *Matter of Lillian R.,* 196 AD2d 503). Where, as here, the hearing court was confronted primarily with issues of credibility, its factual findings must be accorded great weight. We find no basis upon which to disturb the Family Court's determination of the issue *(see, Matter of Irene O.,* 38 NY2d 776, 778; *Matter of Rockland County Dept. of Social Servs. [Kathryn B.],* 186 AD2d 136, 137-138; *Matter of Carine T.,* 183 AD2d 902, 903).

We reject the appellants' contention that they were deprived of their right to due process when the court rendered an order stating the grounds for its finding of neglect after the dispositional hearing. Although the better practice would have been for the Family Court to have stated the grounds at the same time that it made its finding of neglect and prior to the dispositional hearing *(see,* Family Ct Act § 1047 [a]; § 1051 [a]), we see no reason to disturb the Family Court's adjudication of neglect.

The appellants' remaining contentions are without merit. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.