■ In the Matter of AUSTIN A., a Child Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KEVIN A., Appellant. [641 NYS2d 752] —Casey, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered December 12, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend the placement of respondent's son with petitioner for a period of 12 months.

At issue in this appeal is whether Family Court erred in granting petitioner's application to extend the placement of respondent's son with petitioner. Family Court Act § 1055 (b) (iv) requires that upon the conclusion of a hearing on an application for an extension of placement, Family Court must consider certain factors and state its findings with regard to those factors in writing. Family Court failed to do so in this case, but in the interests of justice and judicial economy we will make the required findings established by the evidence in the record (*see, Matter of Anna X.*, 148 AD2d 890, 891, *lv denied* 74 NY2d 608).

The evidence in the record clearly establishes little or no change in the relevant conditions and circumstances since the issuance of the last extension of placement (*see*, Family Ct Act § 1055 [b] [iv] [A] [1]). As a result of the child's autism, he requires constant care and supervision. Although respondent is clearly aware of his son's autism, the evidence demonstrates that respondent is either unable or unwilling to understand the severity of his son's autism and the nature of the care and supervision required by the child's condition. The evidence also reveals respondent's failure to cooperate, including his failure to take full advantage of the visitation schedule and his failure to use the available services that might help him understand the serious nature of his son's condition and special needs. Respondent seeks the return of his son, but he has done nothing to plan or prepare for the return of a child with such special needs to a home where respondent is already the sole custodial parent of two young children.

The record establishes that petitioner has adopted an appropriate child service plan which has as its ultimate goal the return of the child to respondent's care, provided that respon-

dent complies with the plan and cooperates with petitioner (*see*, Family Ct Act § 1055 [b] [iv] [A] [2]). The record also establishes respondent's substantial lack of compliance with the plan and failure to cooperate with petitioner (*see*, Family Ct Act § 1055 [b] [iv] [A] [3]).

Considering the relevant factors, we conclude that there is ample evidence to demonstrate that an extension of placement is consistent with the best interest of the child (*see*, Family Ct Act § 1055 [b] [iv] [B]; *Matter of Tommy A.*, 201 AD2d 970). The extension is consistent with the ultimate goal of the child service plan in that it provides respondent with the opportunity to gain the necessary understanding of his son's condition and special needs and to plan for the child's return. Until respondent achieves the necessary understanding and makes the appropriate plans, it is clear from the record that respondent cannot adequately provide for the safety and care of his son, who requires constant care and supervision. As a final matter, we find sufficient evidence in the record to establish that an extension for a 12-month period is necessary to provide respondent with sufficient time to do what is necessary to prepare for the return of the child (*see*, Family Ct Act § 1055 [b] [vi]). The order granting the extension should, therefore, be affirmed.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.