■ In the Matter of BARBARA S. JAMES S., Appellant; SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [664 NYS2d 475] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from a fact-finding and dispositional order (one paper) of the Family Court, Suffolk County (Freundlich, J.), entered December 16, 1996, as amended by an order of the same court entered March 19, 1997, made after a hearing, which, *inter alia,* found that he had neglected his daughter, directed that an order of protection be entered against him, and denied him visitation with the subject child.

Ordered that the order, as amended, is affirmed, without costs or disbursements.

The Family Court found that the father, while improperly attempting to withdraw his daughter from her elementary school in early September of 1996, refused to physically release his child when confronted by police officers and instead locked her in an overheated, unventilated car during high heat conditions. The court further found that the father suffered from a mental disability that placed the child at risk. These findings

are supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b]). Any issues of credibility were resolved by the Family Court against the father and there is no basis to disturb its determination (*see, Matter of Irene O.,* 38 NY2d 776, 778; *Matter of Child Protective Servs. [Amanda G.],* 222 AD2d 503, 504; *Matter of Rockland County Dept. of Social Servs. [Kathryn B.],* 186 AD2d 136, 137-138; *Matter of Carine T.,* 183 AD2d 902, 903; *Matter of Sheila L.,* 141 AD2d 730, 731). In addition, since even a single incident is sufficient to sustain a finding of neglect (*see, Matter of Christina LL.,* 233 AD2d 705; *Matter of Cody P.,* 227 AD2d 724, 725; *Matter of Coleen P.,* 148 AD2d 782, 783), most certainly the incident herein, coupled with the court's observations that the father suffered from mental illness that placed the subject child at imminent risk, is sufficient. Contrary to the father's contention, the Family Court, in deciding the neglect petition, was permitted to make a finding regarding the father's mental health without expert testimony (*see, Matter of Zariyasta S.,* 158 AD2d 45, 48; *Matter of Danielle M.,* 151 AD2d 240, 243; *see also, Matter of Christina LL., supra),* and its determination is supported by the record.

The father's challenge to the court's directive in the initial order of fact-finding and disposition that the father undergo psychotherapy is academic in light of the entry of an amended order which removed that requirement. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.