In the Matter of KREWSEAN S. and Another, Children Alleged to be Neglected. COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Appellant; MALIKKA S., Respondent. [709 NYS2d 616] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Hepner, J.), dated June 23, 1998, which, after a fact-finding hearing, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing.

Family Court Act article 10 permits a finding of neglect to be made if a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent * * * to exercise a minimum degree of care * * * in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]).

After the mother had taken her older child, Krewsean S., to the Kings County Hospital Center in October 1996, seeking help for his "moderate to severe" attention deficit hyperactivity disorder, she did not thereafter participate in his treatment plan, respond to repeated phone calls from hospital staff, or

even attempt to visit the child for approximately three weeks (*see, e.g., Matter of Faridah W.,* 180 AD2d 451; *see also, Matter of Austin A.,* 227 AD2d 677; *Matter of Tommy A., Jr.,* 201 AD2d 970). Moreover, the mother is an admitted frequent marihuana user and suffers from a severe depressive disorder which causes her to be unfocused, unable to keep appointments, and incapable of adhering to a regular schedule. Mental health professionals testified at the hearing that Krewsean's condition would improve only in a carefully structured home environment wherein he would be given his medications regularly, be carefully monitored for adverse drug reactions and behavioral problems, and taken for weekly therapy sessions. In addition, expert testimony was not necessary to establish that the mother's condition posed an imminent danger to Krewsean's physical, mental, and emotional health (*see, Matter of Barbara S.,* 244 AD2d 556, 557; *Matter of Naticia Q.,* 195 AD2d 616; *Matter of Zariyasta S.,* 158 AD2d 45, 47; *Matter of Danielle M.,* 151 AD2d 240). Therefore, we conclude that the evidence clearly preponderates in favor of a finding of neglect with respect to Krewsean (*see,* Family Ct Act § 1046 [b]).

Furthermore, the mother's use of marihuana provides a basis for a finding of neglect with respect to her younger child, Shyeed S. (*see,* Family Ct Act § 1012 [d]; § 1046 [a] [i], [iii]; Public Health Law § 3306 [d] [13]; *see also, Matter of Synovia G.,* 163 AD2d 257). The mother has failed to rebut the presumption that she neglected Shyheed based upon her routine use of a controlled substance since she has resisted "voluntarily and regularly participating in a recognized rehabilitative program" (Family Ct Act § 1046 [a] [iii]; § 1012 [f]).

Accordingly, the court erred in dismissing the neglect petition (*see,* Family Ct Act § 1046; *Matter of Nicole V.,* 71 NY2d 112; *Matter of Commissioner of Social Servs. of City of N. Y. [Darnell N.],* 195 AD2d 459). Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.