■ In the Matter of JAMIAR W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MALIPENG W., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JAYLIN JACOB W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MALIPENG W., Appellant, et al., Respondent. (Proceeding No. 2.) [924 NYS2d 553]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of a fact-finding order of the Family Court, Queens County (Tally, J.), dated June 8, 2010, as, after a hearing, found that she had neglected the children.

Ordered that the fact-finding order is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the portion of the order which found that the mother had neglected the child Jaylin Jacob W. has not been rendered academic by the mother's subsequent execution of a surrender of that child for adoption, since the finding of neglect constitutes a permanent and significant stigma that might

indirectly affect the mother's status in future proceedings (*see Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001, 1002 [2011], *lv denied* 16 NY3d 711 [2011]; *Matter of Albert Francis B.*, 66 AD3d 769 [2009]; *see generally Matter of Ifeiye O.*, 53 AD3d 501 [2008]; *Matter of Daqwuan G.*, 29 AD3d 694 [2006]).

Contrary to the mother's contention, the Family Court correctly found, by a preponderance of the evidence, that she neglected her child Jamiar W. (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841 [2010]). Shortly after birth, Jamiar was diagnosed with hydrocephalus (i.e., excess fluid in the brain), requiring the insertion of a shunt and regularly scheduled follow-up appointments with a neurologist, neurosurgeon, and a pediatrician. The record reveals that the mother failed to either schedule or participate in these required appointments (*see Matter of Tommy A.*, 201 AD2d 970 [1994]). The mother's failure to provide the child with adequate medical care placed him in imminent danger of impairment to his physical condition (*see Matter of Isaac J. [Joyce J.]*, 75 AD3d 506 [2010]; *Matter of Shawndel M.*, 33 AD3d 1006 [2006]).

Additionally, the Family Court correctly found, by a preponderance of the evidence, that the mother neglected her child Jaylin Jacob, Jamiar's twin brother (*see* Family Ct Act § 1046 [b] [i]). In April 2007, when he was only two years old, Jaylin Jacob was admitted to Memorial Sloan-Kettering Cancer Center in Manhattan (hereinafter the hospital) for treatment of acute myelocytic leukemia. At a hearing, the mother testified that, even though Jamiar was living with his paternal grandmother at the time, she visited Jaylin Jacob only about once per week. Additionally, because of her inconsistent visitation, the mother was unable to participate in discharge training, resulting in the retention of Jaylin Jacob at the hospital for three months more than was medically necessary. Consequently, the mother neglected the physical, emotional, and mental needs of Jaylin Jacob by failing to regularly visit and participate in the discharge training (*see Matter of Krewsean S.*, 273 AD2d 393 [2000]; *Matter of Faridah W.*, 180 AD2d 451 [1992]).

The mother's remaining contentions are without merit. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.