■ In the Matter of Beautisha B. Suffolk County Department of Social Services, Respondent; Racquirine A., Appellant. (Proceeding No. 1.) In the Matter of Sterling B. Suffolk County Department of Social Services, Respondent; Racquirine A., Appellant. (Proceeding No. 2.) In the Matter of Inbunique V. Suffolk County Department of Social Services, Respondent; Racquirine A., Appellant. (Proceeding No. 3.) [982 NYS2d 351]—

In three related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Suffolk County (Loguercio, J.), dated June 21, 2012, which, after a hearing, found that she had neglected the child Inbunique V. and derivatively neglected the children Beautisha B. and Sterling B.

Ordered that the order is affirmed, without costs or disbursements.

After a fact-finding hearing pursuant to Family Court Act article 10, any determination that the child is neglected must be based on a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Nicole V., 71 NY2d 112, 117 [1987]). To establish a fact by a preponderance of the evidence means to prove that the fact is more likely than not to have occurred (see Matter of Tammie Z., 66 NY2d 1 [1985]).

The finding of neglect with respect to Inbunique V. was sup-

ported by a preponderance of the evidence, which demonstrated that the mother's failure to obtain psychiatric treatment for the subject child placed the child's mental and emotional condition "in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]; *see Matter of Deanna R.G. [Rajkumare B.],* 83 AD3d 1064 [2011]; *Matter of LeVonn G.,* 20 AD3d 530 [2005]; *Matter of Krewsean S.,* 273 AD2d 393, 393-394 [2000]).

In addition, since the mother's unwillingness to pursue a recommended course of psychiatric treatment for Inbunique demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, there was sufficient evidence for the Family Court to make a finding of derivative neglect with respect to Beautisha B. and Sterling B. (*see Matter of James S. [Kathleen S.],* 88 AD3d 1006, 1006-1007 [2011]; *Matter of Perry S.,* 22 AD3d 234, 235 [2005]). Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.