Matter of Hannah T. R. (Soya R.) (2020 NY Slip Op 00143)





Matter of Hannah T. R. (Soya R.)


2020 NY Slip Op 00143


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2017-11702
 (Docket No. N-30634-14)

[*1]In the Matter of Hannah T. R. (Anonymous). Administration for Children's Services, respondent; Soya R. (Anonymous), appellant.


David Laniado, Cedarhurst, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng, Carolyn Walther, and Julia Bedell of counsel), for respondent.
Cheryl S. Solomon, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated September 12, 2017. The order of disposition, upon an order of fact-finding of the same court dated May 23, 2017, made after a fact-finding hearing, inter alia, finding that the mother neglected the subject child, and after a dispositional hearing, placed the subject child in the custody of the Commissioner of Social Services of the City of New York for continued placement in foster care until the next permanency hearing.
ORDERED that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York for continued placement in foster care until the next permanency hearing is dismissed as academic, without costs or disbursements, as the subject child has since reached the age of majority (see Matter of Daria S.H.-A. [Yolanda H.], 154 AD3d 669, 670); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In December 2014, the petitioner commenced proceedings pursuant to Family Court
Act article 10, alleging that the mother neglected the child Hannah T. R. and derivatively neglected the child Samuel A. R. The amended petitions alleged, inter alia, that the mother failed to provide the children with proper supervision and guardianship because she suffered from a mental condition that impaired her ability to care for the children. After a fact-finding hearing, the Family Court found that the mother neglected Hannah and derivatively neglected Samuel on the ground that she suffered from a mental condition that impaired her ability to care for the children. Following a dispositional hearing, the court placed Hannah in the custody of the Commissioner of Social Services of the City of New York for continued placement in foster care until the next permanency hearing. The mother appeals.
We agree with the Family Court's determination to deny the mother's motion to dismiss the amended petition pertaining to Hannah pursuant to Family Court Act § 1051(c), as the motion was untimely (see Matter of Juliane M., 17 AD3d 369), and, in any event, dismissal on the basis that the aid of the court was no longer required was not warranted (see Matter of Matthew M. [*2][Fatima M.], 109 AD3d 472, 473; Matter of Phillips N. [Joy N.], 104 AD3d 690, 691).
The Family Court's determination that the mother neglected Hannah is supported by a preponderance of the evidence, which demonstrated that Hannah's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the mother's undiagnosed mental illness (see Matter of Tyler W. [Janice B.], 149 AD3d 968, 969; Matter of Faith J., 47 AD3d 630; see also Matter of Catalina A. [Evelyn C.], 157 AD3d 667, 668; Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1279-1280). At the fact-finding hearing, Hannah testified that the mother threw things at her and instructed her brothers to hit her when the mother became frustrated with her. According to Hannah, after these proceedings were commenced, the mother told Hannah that Hannah would be placed in a mental institution and raped in the petitioner's custody, told Hannah that the mother would pretend Hannah was dead and burn Hannah's clothes, and threatened to kill Hannah once the case was over. The mother's conduct caused Hannah to fear the mother and her brothers.
Contrary to the mother's contention, neither a diagnosis of a specific mental illness (see Matter of Catalina A. [Evelyn C.], 157 AD3d at 668; Matter of Caress S., 250 AD2d 490, 490) nor expert testimony was required to make a finding that the mother's mental illness placed Hannah at imminent risk of impairment (see Matter of Krewsean S., 273 AD2d 393, 394; Matter of Barbara S., 244 AD2d 556, 557; Matter of Zariyasta S., 158 AD2d 45, 48; Matter of Danielle M., 151 AD2d 240, 243; see also Matter of Catalina A. [Evelyn C.], 157 AD3d at 668). The testimony of the petitioner's caseworker and Hannah's school psychologist, as well as the mother's testimony and behavior during the hearing, supported the Family Court's conclusion that the mother suffered from an untreated mental illness (see Matter of Barbara S., 244 AD2d at 557; see also Matter of Gabriel Y. [Melisa Y.], 135 AD3d 781, 781; Matter of Faith J., 47 AD3d 630).
The mother's remaining contentions are either without merit or not properly before this Court.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court