Matter of Sivey U. (Inette U. S.)

2026 NY Slip Op 02410

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Sivey U. (Anonymous). Administration for Children's Services, respondent; Inette U. S. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2025-06615, (Docket No. N-4564-23)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

James P. McCormack, JJ.

Steven P. Forbes, Huntington, NY, for appellant.

Steven Banks, Corporation Counsel, New York, NY (Shane Magnetti and Claude S. Patton of counsel), for respondent.

Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated May 2, 2025. The order of fact-finding, after a hearing, found that the mother neglected the subject child.

ORDERED that the order of fact-finding is affirmed, without costs or disbursements.

The petitioner, Administration for Children's Services (hereinafter ACS), commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother failed to provide the subject child with proper supervision or guardianship by inflicting excessive corporal punishment on her. After a fact-finding hearing, in an order of fact-finding, the Family Court determined that the mother neglected the child by inflicting excessive corporal punishment on her. The mother appeals.

The appeal from the order of fact-finding was not rendered academic by reason of the mother's subsequent execution of a surrender of the child, since that adjudication constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings (see Matter of Jamiar W. [Malipeng W.], 84 AD3d 1386, 1386-1387; Matter of Albert Francis B., 66 AD3d 769, 770).

"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Moshae L. [Angela J.], 237 AD3d 821, 822-823 [internal quotation marks omitted]; see Family Ct Act § 1046[b][i]; Matter of Shayla G. [Lakisha C.], 233 AD3d 682, 684). To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper [*2]supervision or guardianship (see Family Ct Act §§ 1012[f][i][B], 1046[b][1]; Matter of Moshae L. [Angela J.], 237 AD3d at 823). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941 [internal quotation marks omitted]).

In neglect proceedings, unsworn out-of-court statements of a child may be received and, if properly corroborated, will support a finding of abuse or neglect (see Family Ct Act § 1046[a][vi]; Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d 806, 807; Matter of Thaddeus R. [Gabrielle V.], 198 AD3d 901, 902). "Corroboration means any other evidence tending to support the reliability of the previous statements" (Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d at 807 [internal quotation marks omitted]; see Family Ct Act § 1046[a][vi]). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the out-of-court statements is a determination for the Family Court, which saw and heard the witnesses" (Matter of Thaddeus R. [Gabrielle V.], 198 AD3d at 902 [internal quotation marks omitted]; see Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d at 807).

"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Moshae L. [Angela J.], 237 AD3d at 823 [internal quotation marks omitted]; see Family Ct Act § 1012[f][1][B]; Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 910). "A single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (Matter of Thaddeus R. [Gabrielle V.], 198 AD3d at 902 [internal quotation marks omitted]; see Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d at 807).

Here, the Family Court properly determined that ACS established by a preponderance of the evidence that the mother neglected the child by inflicting excessive corporal punishment on her (see Matter of Moshae L. [Angela J.], 237 AD3d at 822-823, 824; Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 642). Deferring to the hearing court's credibility findings, the evidence at the fact-finding hearing established that the mother had repeatedly physically, verbally, and emotionally abused the child and, on one occasion, had bitten the child's finger, leaving an infected human bite mark that was visible to an ACS caseworker three days later (see Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d at 807). Contrary to the mother's contention, out-of-court statements of the child were sufficiently corroborated by medical records and observations of the ACS caseworker (see Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d at 807; Matter of Thaddeus R. [Gabrielle V.], 198 AD3d at 902).

The mother's remaining contentions are either without merit or not properly before this Court.

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court