■ In the Matter of TEVINA W. THERESA T., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [656 NYS2d 731] —In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated February 6, 1996, which, upon a fact-finding order of the same court dated March 28, 1995, finding that the subject child was neglected, *inter alia*, placed the child in the custody of the Commissioner of Social Services. The appeal brings up for review the fact-finding order dated March 28, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the petitioner proved by a preponderance of the evidence that the subject child was neglected (*see*, Family Ct Act § 1046 [b] [i]; § 1012 [f] [i]). Indeed, the testimony demonstrated, *inter alia*, that the mother's behavior towards the child constituted conduct "requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]; *see also, Matter of Baby Boy E.*, 187 AD2d 512; *Matter of Danielle M.*, 151 AD2d 240). Additionally, the dispositional order is in the best interests of the child (*see, Matter of Commissioner of Social Servs. [Trudy I.] v Leona W.*, 192 AD2d 602).

The remaining contentions lack merit. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JESSE ARMSTRONG, Respondent. [655 NYS2d 545] —Appeal by the People from an order of the Supreme Court, Queens County (Finnegan, J.), dated November 9, 1995, which granted the defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict convicting him of criminal sale of a controlled substance in the third degree, and granted a new trial.

Ordered that the order is reversed, on the law, the motion is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The trial court granted the defendant's motion to set aside the verdict pursuant to CPL 330.30 (1), based solely on the alleged ineffectiveness of trial counsel. Consequently, any other application for relief on any other basis is not properly before this Court (*see*, CPL 470.15 [1]). Further, since the facts which formed the basis of the defendant's claim of ineffective assistance of counsel did not appear in the trial record, the trial court erred in granting relief on that basis in the absence of a motion pursuant to CPL 440.10 (*see, People v Grossfeld*, 216 AD2d 319; *People v Leka*, 209 AD2d 723). Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.