■ In the Matter of JONATHAN W. et al., Appellants. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [682 NYS2d 500] —Order unanimously reversed on the law without costs, petition granted and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Petitioner filed a petition alleging that respondent had neglected his girlfriend's three children, one of whom was his biological son, by using alcohol and drugs in their presence. The proceeding was adjourned in con-

templation of dismissal (ACD), and an order was entered in August 1996 setting forth the terms and conditions by which respondent was to abide, which included engaging in substance abuse treatment. The order also prohibited respondent from being under the influence of drugs or alcohol in the presence of the children.

In May 1997 petitioner commenced this proceeding seeking to restore the neglect petition to the calendar on the ground that respondent had "failed substantially to observe the terms and conditions of the order or to cooperate with the supervising child protective agency" (Family Ct Act § 1039 [e]). Following a hearing, Family Court dismissed the petition, concluding that petitioner had not established that respondent had failed substantially to observe the terms and conditions of the ACD or to abide by the order of protection. The court noted that, in any event, because its intervention was no longer required, it would have denied reinstatement of the neglect petition even if it found that respondent failed to comply with the ACD order. Finally, the court held that the prior ACD order had expired by its own terms despite the pendency of a violation proceeding.

The evidence submitted at the hearing established that respondent had failed substantially to comply with the ACD order. He had resumed his consumption of alcoholic beverages to the extent that he had to enter an inpatient detoxification program. Upon his discharge from that program, respondent did not enter an outpatient substance abuse program for a period of one month. When respondent finally entered the outpatient program in Phase II, he was returned to Phase I as a result of excessive absences. Further, the evidence established that respondent violated the order insofar as it prohibits him from drinking in the presence of the children. The caseworker testified that, when she interviewed the children in June, they told her that respondent drinks alcoholic beverages in front of them and has sent them to the store to attempt to purchase alcoholic beverages for him. She subsequently discussed the matter with school officials, who informed her that they had received telephone calls from a store owner who indicated that the children were in his store when they should have been in school. That evidence sufficiently corroborated the statements of the children (see, Family Ct Act § 1046 [a] [vi]). Further, the statements of the children cross-corroborated one another (see, Matter of Elizabeth G., 255 AD2d 1010; Matter of Latisha W., 221 AD2d 645). Consequently, the petition to restore the case to the calendar is granted and the matter is remitted to Monroe

County Family Court for further proceedings pursuant to Family Court Act § 1039 (e) before a different Judge.

We also disagree with the conclusion of the court that it retained discretion to deny reinstatement of the neglect petition even if it found that respondent failed substantially to comply with the ACD order. An ACD order is entered before a hearing has been held on the allegations of abuse or neglect. The focus of a hearing on an application to restore a case to the calendar pursuant to Family Court Act § 1039 (e) is whether respondent substantially complied with the terms of the ACD order, not whether respondent abused or neglected the children. At the time of a violation hearing, therefore, the court lacks sufficient evidence concerning the allegations of neglect or abuse for it to determine whether its aid is required (*cf.*, Family Ct Act § 1051 [c]). Finally, we disagree with the court that the petition was deemed dismissed at the expiration of the ACD order. Where, as here, an application to restore the case to the calendar is brought prior to the expiration of the ACD order and is pending, the ACD order is not deemed dismissed (*see,* Family Ct Act § 1039 [f]). (Appeal from Order of Monroe County Family Court, Kohout, J.—Neglect.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ. [*See,* 174 Misc 2d 210.]