■ In the Matter of BRENT B. and Others, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BONNIE B., Appellant. [718 NYS2d 735] —Rose, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Nelson, J.), entered September 3, 1999, which, in a proceeding pursuant to Family Court Act article 10, granted petitioner's motion to restore the case to the trial calendar, and (2) from an order of said court, entered October 20, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

At a hearing in this neglect proceeding, the parties reached an agreement whereby petitioner offered its documentary evidence of respondent's neglect of her three children and recommended an adjournment in contemplation of dismissal (hereinafter ACD) while respondent presented no opposition and agreed to the terms of the ACD. Family Court issued an order finding neglect based on the unopposed evidence of respondent's excessive preoccupation with the physical and mental health of her children resulting in imminent danger to their mental and emotional health, and adjourning the case in contemplation of dismissal if respondent abided by the order's stated conditions. Four months later, petitioner applied to restore the case to the calendar on the grounds that respondent had failed to comply with the ACD order. After a hearing on this application at which respondent did not appear, Family Court found sufficient facts establishing respondent's failure to obey the terms of the

ACD and issued an order reopening consideration of the neglect petition. After a dispositional hearing, Family Court issued an order, *inter alia*, declaring respondent's children to be neglected. Respondent appeals this order as well as the order reopening the ACD.

The ACD order, *inter alia*, required respondent to obtain a psychological evaluation, sign releases to enable the supervising agency to obtain her medical records, cooperate with visitation plans made by the supervising agency, refrain from unscheduled unsupervised visits with her children, meet with the supervising agency as directed and notify the agency as to any change in her residence or employment. Although respondent does not dispute the failures to comply found by Family Court, she argues that those failures are equally attributable to petitioner's failure to assist her. However, contrary to respondent's contentions, the primary responsibility for not meeting the terms of the ACD clearly lie with her. Respondent's failure to meet with the caseworker and disclose her place of residence or employment are undisputed and certainly not attributable to petitioner. Moreover, no blame can be assessed to petitioner for respondent's failure to execute the required medical releases and her affirmative acts in having unscheduled unsupervised visits with the children. Therefore, Family Court had a reasonable basis to conclude that respondent did not abide by the terms of the ACD and restore the case to the calendar.

Family Court also properly found, *inter alia*, that respondent's children were neglected based not only upon the evidence presented at the hearing to reopen the ACD, but also all other evidence and proceedings that previously had been before the court. Family Court took judicial notice of the ACD order which found neglect based on petitioner's case records consisting of caseworker progress notes, contact reports from supervised visitations, transcripts of tape-recorded conversations between respondent and her children, various medical records and correspondence related to the children, and school records relating to each child. Family Court also took judicial notice of a custody evaluation performed by a psychiatrist as part of a prior proceeding. As respondent did not testify at the fact-finding hearing, Family Court was also warranted in drawing such inferences against her as were supported by the other evidence (*see, Matter of Jeffrey D.*, 233 AD2d 668, 670). Thus, we find that the record evidence preponderates in support of the finding of neglect with an imminent danger to the children's mental and emotional condition as alleged in the neglect peti-

tion, and that respondent knew, or reasonably should have known, that her actions had the potential to result in mental or emotional impairment of her children.

Finally, we reject respondent's assertion that she did not receive effective assistance of counsel at the two hearings she failed to attend. Contrary to her contentions, the record does not demonstrate any deficiencies in strategy or performance in respondent's representation that affected the outcome of the proceeding (*see, Matter of Shawnmanne CC.*, 244 AD2d 662, 663).

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.