■ In the Matter of DISHANA R. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NADINE R., Appellant. [784 NYS2d 385]—In a neglect proceeding pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Orange County (Kiedaisch, J.), entered January 12, 2000, which, after a hearing, found that she violated certain terms of an adjournment in contemplation of dismissal and neglected the subject child, and (2) an order of disposition of the same court entered January 26, 2000, which, upon the fact-finding order, and after a hearing, placed the child in the custody of the Orange County Department of Social Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Orange County Department of Social Services for a period of 12 months is dismissed as academic; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the order of disposition as placed the child in the custody of the Orange County Department of Social Services for a period of 12 months must be dismissed as academic because that portion of the order of disposition has expired by its own terms (see *Matter of Danielle S.,* 282 AD2d 680, 681 [2001]; *Matter of Susan B.,* 264 AD2d 478 [1999]). Nevertheless, the adjudication of neglect has not been rendered academic (see *Matter of Eddie E.,* 219 AD2d 719 [1995]; *Matter of H. Children,* 156 AD2d 520 [1989]).

The Family Court's determination that the mother violated the terms of the adjournment in contemplation of dismissal is supported by the record and therefore will not be disturbed (see Family Ct Act § 1039 [e]; *see generally Matter of Jonathan W.,* 256 AD2d 1174 [1998]). The petitioner proved by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1012 [f] [i] [A], [B]; [h]; § 1046 [b] [1]). Indeed,

the testimony of the child's school teacher and school principal, the assistant pastor of the mother's parish, a Department of Social Services' caseworker, and the mother herself demonstrated that her behavior towards the child constituted conduct "requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]; *see Matter of Tevina W.,* 237 AD2d 452 [1997]; *Matter of Zariyasta S.,* 158 AD2d 45, 48 [1990]; *Matter of Danielle M.,* 151 AD2d 240, 242 [1989]; *see also Matter of Caress S.,* 250 AD2d 490 [1998]).

The mother's remaining contentions are without merit. Smith, J.P., H. Miller, Crane and Spolzino, JJ., concur.