■ In the Matter of JAMES S. and Others, Children Alleged to be Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANNEMARIE R., Appellant. [934 NYS2d 559]—

---

Mercure, J.P.

Petitioner commenced the underlying Family Court article 10 proceeding alleging that respondent neglected her three children, James S. and Mercedes S. (born in 2006) and Brittany R. (born in 1997). In July 2009, the parties agreed to an adjournment in contemplation of dismissal (hereinafter ACD) (*see* Family Ct Act § 1039). Among other things, the ACD directed respondent to comply with the terms of an order of protection requiring that she "refrain from offensive conduct . . . and . . . domestic violence and arguing in the presence of the children."

Petitioner moved to restore the neglect proceeding to Family Court's calendar after respondent's live-in fiancé arrived at the home drunk and, among other things, swore at Brittany. As a result of this incident, the fiancé spent two weeks in jail. Petitioner claimed that, despite this behavior, respondent wanted the fiancé to return to the home upon his release from jail "regardless of the risk to her children, stating she doesn't care if they are taken from her."

Petitioner thereafter filed two violation petitions. The first alleged that respondent violated the order of protection when, among other things, she yelled obscenities and "told a [s]enior [c]aseworker over the phone [and in the children's presence] that [petitioner] should take her kids and she didn't care what [petitioner] did with them." The second violation petition alleged that respondent violated a verbal order of protection directing her to keep another individual away from the children. Following a hearing, Family Court found that respondent violated the terms and conditions of the ACD. The court restored the neglect proceeding to the trial calender, and respondent now appeals.

We affirm. Respondent does not dispute the violations found by Family Court. Rather, she contends that Family Court improperly disallowed her testimony seeking to establish compliance with other provisions of the ACD. We disagree.

Although respondent contends that such testimony was necessary to enable Family Court to assess whether she "substantially" observed the terms of the ACD, we note that during the course of the hearing, the court twice stated that it would assume respondent's compliance with all other provisions of the ACD, and in its oral decision explicitly noted that respondent had "to a large degree complied with the requests of [peti-

tioner]." Family Court determined, however, that "the violations that were established do show the continued existence . . . of unpredictable, irrational and unstable behavior" as alleged in the underlying neglect petition. Because these violations provided a reasonable basis for the court to conclude that respondent failed substantially to observe the terms and conditions of the ACD (*see* Family Ct Act § 1039 [e]), we conclude that the court properly restored the case to the calendar (*see Matter of Brent B.*, 279 AD2d 817, 818 [2001], *lv denied* 96 NY2d 712 [2001]).

Spain, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the corrected order is affirmed, without costs.