Appeal by the mother from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated October 11, 2016. The order, after a hearing, found that the mother had failed substantially to observe the terms and conditions of an order of adjournment in contemplation of dismissal and granted the petitioner’s motion to restore the matter to the calendar for a fact-finding hearing on the underlying neglect petition.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 In December 2014, the petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that the mother had neglected the subject child through the infliction of excessive corporal punishment. On October 8, 2015, the Family Court issued an order of adjournment in contemplation of dismissal (hereinafter the ACD order), which set forth the terms and conditions by which the mother was to abide, including completing an anger management course, engaging in individual counseling, and cooperating with agency supervision. On April 5, 2016, the petitioner moved to restore the neglect petition to the calendar on the ground that the mother had “failed substantially to observe the terms and conditions of the order or to cooperate with the supervising child protective agency” (Family Ct Act § 1039 [e]). Following a hearing, the court found that the mother failed substantially to observe the terms and conditions of the ACD order, and granted the petitioner’s motion to restore the matter to the calendar for a fact-finding hearing on the underlying neglect petition.
 

 The Family Court properly found that the mother failed substantially to observe the terms and conditions of the ACD order (see Matter of Tristen O. [Shanee S.], 125 AD3d 525, 526 [2015]; Matter of Brent B., 279 AD2d 817, 818 [2001]). A caseworker testified at the hearing that the mother had failed to complete an anger management course, had missed individual counseling sessions, and was uncooperative with supervision. Since these violations provided a reasonable basis for the Family Court to conclude that the mother failed substantially to observe the terms and conditions of the ACD order, the court properly granted the petitioner’s motion to restore the matter to the calendar for a fact-finding hearing on the underlying neglect petition (see Matter of James S. [Annemarie R.], 90 AD3d 1099, 1101 [2011]; Matter of Dishana R., 12 AD3d 610, 611 [2004]).
 

 Mastro, J.P., Roman, Miller and Connolly, JJ., concur.