Matter of Jerrell OO. (Andrew OO.) (2018 NY Slip Op 04044)





Matter of Jerrell OO. (Andrew OO.)


2018 NY Slip Op 04044


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

523466

[*1]In the Matter of JERRELL OO., Alleged to be a Neglected Child. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANDREW OO., Appellant.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Law Offices of Martin & Martin, Glens Falls (Michael S. Martin of counsel), for appellant.
Steven M. Dorsey, County Attorney, Ballston Spa (Michael J. Hartnett of counsel), for respondent.
Nicole R. Rodgers, Saratoga Springs, attorney for the child.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Saratoga County (Skoda, J.), entered October 8, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be derivatively neglected.
Petitioner commenced this neglect proceeding alleging that respondent, who is the maternal uncle of two children (born in
1999 and 2004), neglected the older child and derivatively neglected the younger child. In March 2014, respondent admitted the allegations contained in the petition and, based upon the admission, Family Court made a finding of neglect and derivative neglect, further ordering that the proceeding be adjourned in contemplation of dismissal (hereinafter ACD) for one year (see Family Ct Act § 1039 [a]). The ACD directed respondent to comply with certain terms and conditions.
In January 2015, petitioner moved to restore the proceeding to Family Court's calendar with respect to only the younger child (see Family Ct Act § 1039 [e]) based upon allegations that [*2]respondent violated two terms and conditions of the ACD by denying petitioner's caseworker access to respondent's bedroom during home visits and failing to cooperate with petitioner by not meeting or contacting the assigned caseworker. Family Court conducted a hearing and, after determining that respondent substantially failed to comply with these terms of the ACD, the neglect proceeding was restored and, as respondent already admitted neglect, the matter was scheduled for a dispositional hearing. Petitioner subsequently informed Family Court by letter that it would not be presenting any evidence at the dispositional hearing nor would it be seeking any further orders or remedial services. Family Court then issued an order, reiterating the derivative neglect finding and, on consent of the parties, imposed no additional conditions or restrictions upon respondent. Respondent now appeals. We affirm.
Petitioner's caseworker testified at the hearing that she made 19 scheduled visits to respondent's home, left seven letters for respondent at his home and left several telephone messages for respondent during the pendency of the ACD. The caseworker testified that respondent was not home for any of those visits and that she was prevented access to respondent's bedroom as there was a keypad on the door. We reject respondent's argument that the home was controlled by his parents and that, because the ACD does not specifically mention his bedroom as a place to be searched, he was not aware of the requirement that petitioner have access to his bedroom. Respondent's bedroom, which is a part of the home and a place where the younger child sleeps, is a reasonable and foreseeable place that petitioner would need to inspect. Furthermore, the ACD made clear that respondent was required to cooperate with petitioner, and one of the caseworker's letters specifically requested access to respondent's bedroom. The testimony at the hearing also established that respondent failed to contact and cooperate with petitioner, and we find no merit to respondent's argument that there is no proof that he received the caseworker's telephone messages or letters given the testimony that respondent called the caseworker's office at least once. Moreover, given the significant number of home visits, letters and telephone messages left for respondent, it is highly likely that he was aware that petitioner was attempting to contact him but that he failed to respond. Therefore, Family Court's determination that respondent failed to substantially observe the terms and conditions of the ACD was amply supported by the record (see generally Matter of James S. [Annemarie R.], 90 AD3d 1099, 1100-1101 [2011]; Matter of Brent B., 279 AD2d 817, 818 [2001], lv denied 96 NY2d 712 [2001]).[FN1]
Further, we cannot agree with respondent's contention that petitioner's motion to restore the proceeding was malicious and made in bad faith. It is evident from the record that petitioner's motion was filed based upon respondent's failure to adhere to the terms and conditions of the ACD. We also disagree with respondent's argument that the letter written by petitioner to Family Court, prior to the dispositional hearing, demonstrated petitioner's malice. The letter stated that petitioner would not be presenting any evidence at the hearing nor would it be seeking any orders or services, as its involvement was only hurting the younger child, who clearly enjoyed his relationship with respondent and never verbalized any concerns. Therefore, we do not discern any malice or bad faith on the part of petitioner.
Lynch, J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Respondent did not testify and offered no evidence at the hearing.