Matter of Nicholas G. (Candace G.) (2020 NY Slip Op 03781)





Matter of Nicholas G. (Candace G.)


2020 NY Slip Op 03781


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-04914
2018-13897
2019-01223
 (Docket Nos. N-13324-18, N-13325-18)

[*1]In the Matter of Nicholas G. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Candace G. (Anonymous), et al., appellants. (Appeal No. 1.)
In the Matter of Nicholas G. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Candace G. (Anonymous), appellant, et al., respondent. (Appeal Nos. 2 and 3.)


Glenn Gucciardo, Northport, NY, for appellant Candace G.
Darla A. Filiberto, Islandia, NY, for appellant Sergio B.
Dennis M. Cohen, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for petitioner-respondent.
Mary A. Toner, Central Islip, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated October 26, 2018, (2) an order of the same court dated January 3, 2019, and (3) an order of the same court dated April 1, 2019, and the father separately appeals from the order dated April 1, 2019. The order dated October 26, 2018, insofar as appealed from, after a hearing, granted the petitioner's application pursuant to Family Court Act § 1027 to temporarily remove the subject child from the custody of the mother and place the child in its custody pending the determination of the proceedings. The order dated January 3, 2019, denied the mother's motion, inter alia, to dismiss the petitioner's application pursuant to Family Court Act § 1039(e) to restore the proceedings to the calendar. The order dated April 1, 2019, after a hearing, found that the mother and the father had failed substantially to observe the terms and conditions of an order of adjournment in contemplation of dismissal dated October 9, 2018, and granted the petitioner's application to restore the proceedings to the calendar for a fact-finding hearing on the underlying abuse petitions.
ORDERED that the order dated October 26, 2018, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the orders dated January 3, 2019, and April 1, 2019, are affirmed, without costs or disbursements.
The subject child (hereinafter Nicholas) was diagnosed with leukemia in June 2018. By petitions dated September 4, 2018, the Suffolk County Department of Social Services (hereinafter the DSS) alleged that the mother and the father had abused Nicholas in that they failed to ensure that he received appropriate medical care for his leukemia. By order dated October 9, 2018 (hereinafter the ACD order), the Family Court adjourned the proceedings in contemplation of dismissal.
On October 19, 2018, the DSS made an application pursuant to Family Court Act § 1027 to have Nicholas placed in the temporary custody of the DSS, and an application to restore the proceedings to the calendar based on an alleged violation of the terms of the ACD order. Following a hearing, the Family Court granted the application pursuant to Family Court Act § 1027 and ordered that Nicholas be temporarily placed in the custody of the DSS. The mother appeals from this order.
The mother subsequently moved, inter alia, to dismiss the application to restore the proceedings to the calendar, arguing that there had been no violation of the ACD order. The Family Court denied this motion, and the mother appeals from that order.
The Family Court held a hearing on the application to restore the proceedings to the calendar. Following the hearing, the court found that the mother and the father had failed substantially to observe the terms and conditions of the ACD order, and granted the application to restore the proceedings to the calendar. The mother and the father separately appeal from this order.
Contrary to the contention of the DSS, the mother's argument regarding the temporary removal of Nicholas is not academic, as the "removal created a permanent and significant stigma" (Matter of Saad A. [Umda M.], 167 AD3d 596, 597).
Turning to the merits, if the Family Court determines after a hearing pursuant to Family Court Act § 1027(b)(i) "that removal is necessary to avoid imminent risk to the child's life or health, it shall remove or continue the removal of the child." "In determining whether removal or continuing the removal of a child is necessary to avoid imminent risk to the child's life or health, the court shall consider and determine in its order whether continuation in the child's home would be contrary to the best interests of the child and where appropriate, whether reasonable efforts were made prior to the date of the hearing . . . to prevent or eliminate the need for removal of the child from the home" (Family Ct Act § 1027[b][ii]). "If the court determines that reasonable efforts to prevent or eliminate the need for removal of the child from the home were not made but that the lack of such efforts was appropriate under the circumstances, the court order shall include such a finding" (Family Ct Act § 1027[b][iii]). "The court shall also consider and determine whether imminent risk to the child would be eliminated by the issuance of a temporary order of protection . . . directing the removal of a person or persons from the child's residence" (Family Ct Act § 1027[b][v]).
Here, the DSS established that temporary removal was "necessary to avoid imminent risk to [Nicholas's] life or health" (Family Ct Act § 1027[b][i]). The DSS presented evidence that the standard treatment protocol for a child with leukemia included chemotherapy even after the child went into clinical remission; that this treatment was necessary because even in remission there remained "a substantial number of malignant cells in the body"; that leukemia cells "start multiplying as soon as you stop the chemotherapy"; and that if the bone marrow was filling with abnormal cells, "the likelihood of getting [Nicholas] back into remission and a cure dramatically drop[ped]," such that it was much more likely that he would die from the leukemia. The mother presented no evidence to counter this testimony regarding imminent risk to Nicholas. Rather, she testified as to the alternative treatments that Nicholas could receive through Utopia Wellness Center, which is where she had brought him for treatment following the issuance of the ACD order. She submitted no testimony contradicting the evidence presented by the DSS that chemotherapy was the only effective treatment for leukemia and that vitamin and other alternative therapies did not effectively treat cancer or prevent its recurrence. Thus, there was no evidence that the mother had chosen a reasonable alternative course of treatment for Nicholas such that his health and life would [*2]not be at imminent risk. Moreover, under the circumstances of this case, the mother's contentions regarding reasonable efforts to avoid removal and alternatives to removal are also without merit. Accordingly, we agree with the Family Court's determination granting the application of the DSS to temporarily remove Nicholas from the mother's custody (see Family Ct Act § 1027[b]; Nicholson v Scoppetta, 3 NY3d 357, 378).
The Family Court may adjourn an abuse proceeding in contemplation of dismissal (see Family Ct Act § 1039[a]). "[D]uring the duration of the order, the court may restore the matter to the calendar, if the court finds after a hearing that the respondent has failed substantially to observe the terms and conditions of the order or to cooperate with the supervising child protective agency" (Family Ct Act § 1039[e]). After restoring the matter to the calendar, "the court shall thereupon proceed to a fact-finding hearing" (Family Ct Act § 1039[e]). "If the proceeding is not so restored to the calendar, the petition is, at the expiration of the adjournment period, deemed to have been dismissed by the court in furtherance of justice unless an application is pending pursuant to [Family Court Act § 1039(e)]" (Family Ct Act § 1039[f]). "Notwithstanding the provisions of [Family Court Act § 1039], the court, may, at any time prior to dismissal of the petition pursuant to [Family Court Act § 1039(f)], issue an order authorized pursuant to [Family Court Act § 1027]" (Family Ct Act § 1039[g]).
Here, contrary to the mother's contention, the Family Court did not err in holding the hearing pursuant to Family Court Act § 1027 before holding the hearing on the issue of whether to restore the proceedings to the calendar, as the court may decide an application pursuant to Family Court Act § 1027 at any time prior to the dismissal of a petition under Family Court Act § 1039(f) (see Family Ct Act § 1039[g]). Furthermore, we agree with the court's determination denying the mother's motion, inter alia, to dismiss the application of the DSS to restore the proceedings to the court's calendar.
Finally, we agree with the Family Court's determination that the mother and the father failed substantially to comply with the requirement in the ACD order to ensure that Nicholas received appropriate continued care for his leukemia (see Family Ct Act § 1039[e]). At the hearing on the application of the DSS to restore the proceedings to the court's calendar, the DSS presented evidence that it was necessary for Nicholas to continue chemotherapy even after he had gone into remission, and that Nicholas's pediatric oncologist had informed the mother of the necessity of this treatment. The mother and the father presented no evidence to counter the medical necessity of continued chemotherapy. Instead, the evidence at this hearing showed that, following the issuance of the ACD order, the mother and the father sought care from a medical doctor who specialized in anesthesiology and holistic treatment. This alternative care did not constitute continued appropriate care for Nicholas's specific medical condition of leukemia, as this doctor was not a pediatric oncologist. Accordingly, we agree with the court's determination granting the application of the DSS to restore the proceedings to the calendar.
MASTRO, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court