Matter of Xaria J. (Sheriese R.)
2026 NY Slip Op 03167
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Xaria J. (Anonymous). Administration for Children's Services, respondent; Sheriese R. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Omari R. (Anonymous). Administration for Children's Services, respondent; Sheriese R. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Xamora R. (Anonymous). Administration for Children's Services, respondent; Sheriese R. (Anonymous), appellant. (Proceeding No. 3)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2024-13213, 2024-13216, (Docket Nos. N-03945-24, N-3946-24, N-3947-24)
Francesca E. Connolly, J.P.
Cheryl E. Chambers
Lourdes M. Ventura
Lisa S. Ottley, JJ.

Center for Family Representation, Inc., New York, NY (Tehra Coles and Nardia V. Morgan of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Diana Lawless of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Daniel Abdul-Malak of counsel), attorney for the child Xaria J.
Lesley J. Lanoix, Jamaica, NY, attorney for the children Omari R. and Xamora R.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Queens County (Monica D. Schulman, J.), dated December 10, 2024, and (2) an order of the same court also dated December 10, 2024. The first order dated December 10, after a hearing, found that the mother had failed substantially to observe the terms and conditions of an order of adjournment in contemplation of dismissal dated August 15, 2024, and granted the petitioner's motion, inter alia, to restore the matter to the calendar for a fact-finding hearing on the underlying neglect petitions. The second order dated December 10, 2024, granted the same relief to the petitioner.
ORDERED that the orders are affirmed, without costs or disbursements.
In February 2024, the petitioner, the Administration for Children's Services, [*2]commenced proceedings pursuant to Family Court Act article 10, alleging that the mother suffered from a mental illness that impaired her ability to care for the subject children and, therefore, neglected them. The proceedings were adjourned in contemplation of dismissal pursuant to an order dated August 15, 2024 (hereinafter the ACD order), setting forth the terms and conditions by which the mother was to abide, which included engaging in individual counseling until deemed no longer required with a licensed provider and to comply with any resulting recommendations. On October 8, 2024, the petitioner moved, inter alia, to restore the matter to the calendar for a fact-finding hearing on the underlying neglect petitions on the ground that the mother had "failed substantially to observe the terms and conditions of the order" (Family Ct Act § 1039[e]). Following a hearing, in an order dated December 10, 2024, the Family Court found that the mother failed substantially to observe the terms and conditions of the ACD order and granted the petitioner's motion to restore the matter to the calendar for a fact-finding hearing on the underlying neglect petitions. In a second order also dated December 10, 2024, the court granted the same relief to the petitioner.
The Family Court properly found that the mother failed substantially to observe the terms and conditions of the ACD order (see Matter of Nicholas G. [Candace G.], 185 AD3d 685, 688-689; Matter of Brian P. [Madeline C.], 155 AD3d 871, 872; Matter of Tristen O. [Shanee S.], 125 AD3d 525, 526; Matter of Brent B., 279 AD2d 817, 818). The evidence presented at the hearing demonstrated that the mother was engaged in counseling with a provider who was not yet licensed and, moreover, that such counseling had not meaningfully addressed the serious mental health concerns underlying the neglect petitions. Accordingly, the court properly restored the matter to the calendar for a fact-finding hearing on the underlying neglect petitions (see Matter of Nicholas G. [Candace G.], 185 AD3d at 689; Matter of Brian P. [Madeline C.], 155 AD3d at 872).
Contrary to the mother's contention, the Family Court's determination did not violate the mother's right to due process. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner'" (Mathews v Eldridge, 424 US 319, 333, quoting Armstrong v Manzo, 380 US 545, 552). Determining how much process is due involves balancing "'the private interests affected by the proceeding; the risk of error created by the State's chosen procedure; and the countervailing governmental interest supporting use of the challenged procedure'" (Matter of Tammie Z., 66 NY2d 1, 4, quoting Santosky v Kramer, 455 US 745, 754; see also Matter of Edwin L., 88 NY2d 593, 600-602). Here, the court fully afforded the mother due process by conducting a hearing pursuant to Family Court Act § 1039(e) in which the mother had a full and fair opportunity to be heard.
CONNOLLY, J.P., CHAMBERS, VENTURA and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court